■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FRANK JAYSON, Respondent.— The People appeal from an alleged order of the Supreme Court, Kings County, dated October 27, 1966, which dismissed the indictment against defendant; and, pursuant to leave of this court, renewed motion by defendant to dismiss the appeal as untimely. It appears that after the case had been on the calendar on many occasions and adjourned repeatedly, but in only one instance at the request of the District Attorney, it was set down for trial by the trial court peremptorily against the People, for September 19, 1966. On that day the District Attorney refused to move the case for trial and requested an adjournment on the ground that two material witnesses could not be located and one was believed to be in Puerto Rico. After considerable discussion and argument, the court granted defendant's motion to dismiss the indictment "in the interest of justice." On October 27, 1966 the People allegedly entered an order on that determination which granted "the oral motion to dismiss the indictment for lack of prosecution". A notice of appeal from such order was served and filed by the People on November 21, 1966. Subsequently, it developed that the original of that order could not be found; nor was there a note of its entry in the clerk's records. Thereafter, on October 17, 1968, an order was made *nunc pro tunc* as of October 27, 1966, dismissing the indictment "upon the grounds set forth in the minutes of the hearing of September 19, 1966". Orders dated October 27, 1966 and October 17, 1968 reversed, on the law and the facts, motion to dismiss indictment denied, and indictment reinstated. Motion to dismiss appeal denied. We are of the opinion that a trial court, on its own motion, has power under section 671 of the Code of Criminal Procedure to dismiss an indictment in the interests of justice, where the trial has been unduly delayed by the District Attorney. However, that section is inapplicable here, where the dismissal was not on motion of the court or the District Attorney and no written statement of the reasons for the dismissal was made by the court and filed as a public record (cf. *People* v. *Glen*, 173 N. Y. 395; *Matter of McDonald* v. *Sobel*, 272 App. Div. 455, 459, affd. 297 N. Y. 679). If it be assumed that the dismissal was for lack of prosecution pursuant to section 668 of the Code of Criminal Procedure rather than, as shown by the record, in the interests of justice, the oral motion should not have been entertained (*People* v. *Cowan*, 21 A D 2d 687). In any event, even if it be assumed that the court had authority to grant defendant's motion to dismiss the indict-

ment, it is our opinion that the exercise of that power was an improvident exercise of discretion on the record presented. Defendant's renewed motion to dismiss the appeal should be denied. The time to appeal did not start to run on September 19, 1966, the date of the court's decision, but on the date of entry of the order thereon (Code Crim. Pro., § 521; cf. *People ex rel. Dies* v. *Ramsden,* 21 A D 2d 980; *People* v. *De Bour,* 23 A D 2d 853). If the order was made and entered on October 27, 1966, as claimed by the People, the notice of appeal served and filed on November 21, 1966 was timely; and, if no order was entered until October 17, 1968, the appeal may be considered pursuant to section 524-c of the Code of Criminal Procedure. Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.