OPINION OF THE COURT
Maurice Brill, J.
Defendant makes this motion to dismiss pursuant to CPL 170.30 (subd 1, pars [e], [f], [g]) and the due process clauses of the United States and the New York State Constitutions.
The defendant was arraigned on November 19, 1982, whereupon the charges against him were reduced to crimi *366 nal possession of stolen property in the third degree and attempted forgery of a vehicle identification number. At that time, the Assistant District Attorney and defense counsel participated in a Bench conference during which the defendant’s attorney produced original copies of receipts for the allegedly stolen automobile parts, as well as full documentation to prove ownership of the vehicle. Accordingly, with the consent of the People, the court granted the defendant’s motion, pursuant to CPL 170.55, for an adjournment in contemplation of dismissal.
Subsequent investigation by the prosecution allegedly showed that the receipts presented at the arraignment did not correspond to the automobile parts actually found by the arresting officer. Further, the People contend that one of the receipts offered was dated prior to the theft of the corresponding part. Upon application by the People, without notice to the defendant, the matter was restored to the calendar on February 1, 1983. The defendant was ordered to appear on February 28, 1983, at which time he served this motion to dismiss.
RESTORATION TO THE CALENDAR
The defendant argues that there is no allegation that he engaged in any unlawful conduct subsequent to the disposition. Thus, he asserts that the restoration is “patently illegal”.
An adjournment in contemplation of dismissal (ACD) is an adjournment with a view to ultimate dismissal. Such an adjournment is only available with the consent of the prosecution and in furtherance of justice. (CPL 170.55, subds 1, 2.)
With the consent of the prosecution, this court granted the defendant an adjournment in contemplation of dismissal upon the production of receipts for the allegedly stolen automobile parts. When further investigation by the People uncovered the fact that the receipts did not correspond to the parts in question, this court granted the People’s application to restore the case to the calendar.
Prior to 1980, the court was obligated to restore a case to the calendar upon motion of the District Attorney. (People v Hurt, 78 Misc 2d 43.) However, the statute has been *367 amended to authorize a court, in its discretion, to restore the case only upon a showing that dismissal would not be in furtherance of justice. CPL 170.55 (subd 2) now reads, in part, that “[u]pan application of the people * * * the court may restore the case to the calendar upon a determination that dismissal of the accusatory instrument would not be in furtherance of justice”. The discretion permitted necessitates a. showing by the prosecution as to the reasons a case should not be dismissed in accordance with the original ACD arrangement.
The defendant argues that the People have not raised the necessary allegations which would warrant a restoration. In fact, since the disposition of this case, the prosecution has not suggested that the defendant has engaged in any impropriety whatsoever. The People, without disputing this contention, argue that the original ACD arrangement was induced fraudulently, in that consent was granted on the basis of false documentation. Accordingly, it is argued that restoration was indeed proper.
In the opinion of this court, the restoration of this matter to the calendar was proper. The receipts produced at the arraignment are certainly suspect. To permit a defendant to wrongly induce the consent of the People to an adjournment in contemplation of dismissal would be unjust, and not within the spirit of the statute. In granting the application to restore, the court heard evidence suggesting that this arrangement was entered into under false pretenses. Satisfied that a dismissal would not be in furtherance of justice, the court’s decision to restore was well within its discretionary powers.
The adjournment in contemplation of dismissal is designed to give the first offender not likely to be rearrested a fair arrangement. Imperative in this procedure is the consent of the prosecution, as it is their responsibility to bring a defendant to trial. The People cannot be burdened with authenticating every defendant’s story where the possibility of an ACD is discussed. To do so would effectively curtail all such discussion.
The defendant further argues that his due process rights have been violated due to the lack of notice with respect to the restoration application. This court must disagree. Such *368 restorations, as a matter of practicality, are done ex parte. Once the matter is restored to the calendar, and all parties are notified, the court may then hear both parties and entertain further motions, such as the present one. The People have the responsibility to put forth reasons why the case should be restored. If the reasons are erroneous, the defendant has the opportunity to move to dismiss once the matter appears on the calendar. It does not appear that restoring the present case to the calendar would violate defendant’s Fourteenth Amendment rights or any other constitutional provision.
SPEEDY TRIAL
Pursuant to CPL 30.30 (subd 1, par [b]), the defendant moves this court for dismissal in that the People have exceeded the 90-day limit for prosecution. Once the defendant has made the initial showing of delay in excess of 30.30 limits, the burden falls on the People to demonstrate that certain periods should be excluded. (People v Berkowitz, 50 NY2d 333.)
The speedy trial computation begins at the point when the new accusatory instrument is filed. (CPL 30.30, subd 5, par [c].) This corresponds to the reduction of charges on the day of arraignment, November 19, 1982. At that time, an adjournment in contemplation of dismissal was granted with the consent of the prosecution. Since the defendant was next called to appear on February 28, 1983, a period exceeding 90 days, he argues that this matter should be dismissed.
The People, however, argue that an adjournment in contemplation of dismissal is excludable as a continuance granted at the request of, or with consent of, the defendant. (CPL 30.30, subd 4, par [b].) Clearly, such an adjournment is covered by the statute. The acceptance of an ACD is a consent on the part of the defendant to a continuance of the action, with a view to dismissal. The defendant’s contention that he moved for a termination, and not a continuance, has no merit. The fact that this adjournment could ultimately lead to the dismissal of the action does not make it any less a continuance granted with the consent of the defendant. Accordingly, pursuant to CPL 30.30 (subd 4, *369 par [b]), the period of delay up to February 1,1983, the date of restoration, is not chargeable to the People.
The court, after granting the prosecution’s motion to restore, adjourned the action to February 28, 1983. This continuance, at the request of the court, was necessary to place the case on the calendar and to notify all parties. This time is clearly not chargeable to the People. Where the delay is due largely to court action, the time is excludable from speedy trial computation. (People v Conrad, 44 NY2d 863; People ex rel. Franklin v Warden, 31 NY2d 498.)
This motion to dismiss was filed on February 28, 1983. The service of a speedy trial motion tolls the statute pending its disposition by the court. (See CPL 30.30, subd 4, pars [a], [b]; People v Miller, 78 AD2d 817.)
It is the opinion of this court that the People have not exceeded the 90-day limit for bringing the defendant to trial. In fact, up to this time, the People are not accountable for any delay.
INTERESTS OF JUSTICE
The defendant, a 39-year-old employee of the Metropolitan Transit Authority with no prior criminal record, petitions this court for a dismissal in the interests of justice. Along with his previously unblemished record, the defendant argues that his presentation to this court of full documentation demonstrating his lawful possession of the allegedly stolen car parts necessitates a dismissal of this action.
The governing statute provides the court with the power to dismiss in the interests of justice upon a finding of some “compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution * * * would constitute or result in injustice”. (CPL 170.40, subd 1.) The statute sets forth the standards which must be considered by the trial court in determining this question. Upon careful consideration of these standards, it is the opinion of this court that the defendant has failed to make the requisite showing of a compelling factor which would warrant a dismissal in the interest of justice.
The thrust of the defendant’s argument for dismissal is his presentation of receipts for the allegedly stolen parts. *370 However, the validity of these receipts has been brought intoxquestion. This court will not infringe upon the District Attorney’s power to prosecute. A motion to dismiss in the interest of justice is not intended as a “trump card to overrule the District Attorney” in his handling of the case. (People v Stern, 83 Misc 2d 935, 939.)
This court is not unsympathetic to the defendant’s personal history and lack of previous criminal involvement. However, in balancing these factors against the serious nature of the crimes charged, it is the judgment of the court that a dismissal in the interest of justice would be inappropriate.
CONCLUSION
For the reasons stated herein, the defendant’s motion to dismiss is denied in all respects.