■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DE VERNON LE GRAND, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Myerson, J.), rendered September 19, 1980, convicting him of criminal possession of a controlled substance in the fifth (now fourth) degree and resisting arrest, upon a jury verdict, and imposing sentence. Judgment affirmed. Before trial a suppression hearing was held to determine

whether defendant's arrest and the seizure of contraband in his possession were lawful. In denying suppression, Criminal Term failed, however, to make findings of fact as required by CPL 710.60 (subds 4, 6). Notwithstanding that failure, reversal is not required since the record of the hearing is sufficient for us to make such findings (see *People v Acosta*, 74 AD2d 640; *People v Cruz*, 65 AD2d 558). The police testimony at the hearing established that a blue Lincoln Continental driven by the defendant sped past a stop sign on Carroll Street in Brooklyn. The police pulled the vehicle over one block past the stop sign. When defendant, who was previously known to the officer, was asked to produce the registration to the vehicle and his driver's license, he asked the police officer, in street vernacular, why he was bothering him. Neither document was produced. In the meantime, a check of the car's license plate number revealed that the vehicle had been previously impounded in Manhattan. The officer again requested the defendant's driver's license and the car's registration. Defendant failed to comply. The officer then saw defendant move his hand towards the armrest on the front seat and he noticed the barrel of a gun protruding from under the armrest. The officer immediately drew his gun; he then reached through the car window, grabbed defendant's hand which was reaching for the gun, reholstered his gun and, with the aid of his partner, dragged defendant from the car. The police officers called for assistance. When additional police arrived, defendant was handcuffed and taken into custody. A loaded .38 caliber revolver was thereafter found underneath the armrest. On appeal defendant contends, *inter alia*, that the stop by police of his car, his arrest and the seizure involved were illegal. We disagree. Based upon the record before us, we conclude that the police were authorized to stop defendant's car when and as they did and that probable cause for the defendant's arrest arose thereafter when, following defendant's refusal to produce his driver's license and the car's registration and the obtaining of information that the car had been previously impounded, the defendant gestured toward the car's armrest and the police officer sighted the gun barrel protruding from beneath the armrest. We have examined defendant's remaining contentions on appeal and find them to be without merit. Gulotta, J. P., O'Connor, Bracken and Brown, JJ., concur.