■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v REGGIE SMITH, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Hellenbrand, J.), entered August 16, 1982, which granted defendant's motion to dismiss his indictment for failure to provide him with a speedy trial pursuant to CPL 30.30. Order reversed, on the law and the facts, motion denied, indictment reinstated, and matter remitted to the Supreme Court, Kings County, for further proceedings. The sole issue on this appeal is whether defendant's motion to dismiss the indictment for failure to comply with the provisions of CPL 30.30 was properly granted. On September 16, 1981, a felony complaint charging two counts of criminal possession of a weapon was filed against the defendant. The charges were dismissed in Criminal Court, for failure to prosecute, without prejudice to a Grand Jury presentment. An indictment was filed on February 11, 1982. On February 16, 1982, defendant was produced for arraignment, but the arraignment did not take place at that time. Instead, the matter was adjourned by the court to February 19. When defendant did not appear on the adjourned date a "reasonable force" order was issued. The arraignment finally took place on February 24 and the court, on its own motion, adjourned the proceedings to March 23. Various defense motions were filed on March 22 and, at defense counsel's request, the case was adjourned to April 13. In the interim, defendant filed a motion to dismiss his indictment pursuant to CPL 30.30. The People announced on April 13 that they were ready for trial. Criminal Term observed that 209 days had elapsed between September 16 and April 13. It then deducted the period from March 23 to April 13 and the period from February 19 to 24 (see General Construction Law, § 20). Finding the total delay to exceed 180 days, it dismissed the indictment. We reverse. At the outset, it is important to emphasize that CPL 30.30 specifies a six-*month* ready rule for felony offenses. Thus, the delay is to be calculated on the basis of calendar months, which is not necessarily equal to 180 days (General Construction Law, §§ 30, 31; *People v Battles,* 77 AD2d 405, 407). The People were, therefore, required to announce their readiness by March 16, 1982, i.e., six months following the filing of the felony complaint (see *People v Osgood,* 52 NY2d 37; *People v Warren,* 81 AD2d 872), unless there were excludable periods (*People v Sturgis,* 38 NY2d 625, 627). Both the People and the defendant agree that Criminal Term properly excluded the period from March 23 through April 13 (CPL 30.30, subd 4, pars [a], [b]) and the period from February 19 through February 24 (CPL 30.30, subd 4, par [c]). We would also exclude the three-day period between February 16 and February 19 because that delay was caused by the court's failure to arraign the defendant. That determination was made by the court alone and the delay cannot be imputed to the People (*People v Conrad,* 44 NY2d 863, affg 93 Misc 2d 655; *People v Blyden,* 79 AD2d 192, 197). Moreover, it is clear that this three-day period had a bearing upon the People's ability to prepare for trial (cf. *People v Sturgis,* 38 NY2d 625, *supra*) because pretrial defense motions could not be made and decided or even envisioned until the arraignment process had been completed (cf. *People v Daniel P.,* 94 AD2d 83). When the excludable periods are totaled we find that the six-month period would have expired on April 14, 1982. Since the People announced their

readiness before that date, the indictment should be reinstated. Titone, J. P., Mangano, Gibbons and Gulotta, JJ., concur.