■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EUGENE MULLINS, Respondent. — Appeal from an order of the County Court of Rensselaer County (Dwyer, Jr., J.), entered January 18, 1984, which granted defendant's motion to suppress evidence.[*] ¶ On April 28, 1982, defendant was indicted for the crime of murder in the second degree. The warrant for his arrest was executed in the Town of Nassau, Rensselaer County, by State Police officers in the presence of defendant's father at approximately 4:40 P.M. that date. After reciting *Miranda* warnings, the arresting officer advised defendant that he would not be questioned since they were aware he had retained counsel some 10 days earlier. After informing defendant's father of their destination, defendant was transported to Troop G Headquarters at Loudonville, New York, for processing, arriving there at approximately 5:20 P.M. In the course of preparing the general arrest report and informing defendant of the procedures to be followed, i.e., fingerprinting and photographing, the arrest warrant describing the action of the Grand Jury was exhibited to defendant. The record demonstrates that upon viewing the written accusation of murder in the second degree, defendant became very "teary eyed, very remorseful, upset" and blurted out the words "I didn't mean to do it" together with other inculpatory statements of remorse. When advised that he did not have to say anything, he continued to relate what had happened for a period of approximately five minutes until one of the three officers present asked him why he had selected the location where the crime was actually committed, followed by questions related to the victim's clothing and its disposition. During this period, two of the officers made handwritten notes of his description of the murder which, thereafter, were received in evidence at the subsequent *Huntley* hearing. However, before any notes were reduced to the form of a typewritten statement, the Rensselaer County Court called at 7:15 P.M. to advise that the Judge was waiting to arraign defendant. Accordingly, defendant was transported from Loudonville to the City of Troy at approximately 7:50 P.M., immediately

---

\* At oral argument defendant moved to dismiss the instant appeal on the ground that it was untimely taken. The basis for this motion was defendant's contention that a copy of County Court's order was served on the District Attorney by the County Court Judge's secretary on January 9, 1984, while the People's notice of appeal was not duly served and filed until February 10, 1984. In this regard, CPL 460.10 (subd 1, par [a]) provides, *inter alia,* that: "A party seeking to appeal * * * from an order of a criminal court, must * * * within thirty days after service upon him of a copy of such order, file with the clerk of the criminal court * * * *in which such order was entered* a written notice of appeal" (emphasis added). Accordingly, contrary to defendant's argument and the decision of this court in *People v Dommermuth* (93 AD2d 917), the time to file a notice of appeal runs from the date of service of the order with notice of entry (see *People v Caruso,* 37 AD2d 532; *People v Jayson,* 31 AD2d 551; Denzer, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 460.10 [1971 vol], p 407; see, also, CPL 460.10, subd 1, par [c]; 450.20, subd 8). ¶ The order appealed from was entered on January 18, 1984 and served by defense counsel on that same date. Since the notice of appeal was duly served and filed on February 10, 1984, it was timely. Defendant's motion to dismiss the appeal is, therefore, denied.

after the completion of fingerprinting and photographing. ¶ An omnibus motion, dated July 14, 1982, resulted in five days of hearings commencing on May 3, 1983 and ending on May 10, 1983. The decision of County Court, dated November 22, 1983, directed suppression of any statement made by defendant at Troop G Headquarters on April 28, 1982. County Court was of the opinion that defendant's statements must be suppressed under the authority of *People v Samuels* (49 NY2d 218), *People v Settles* (46 NY2d 154) and *People v Blake* (35 NY2d 331). These cases relate to defendant's right to counsel and the restriction on police interrogation in the absence of counsel once that right attaches. County Court also observed that spontaneous statements made by a defendant may be admissible, even after a defendant is represented by counsel, but that such a rule could not be applied to the facts of this case because "it is impossible for this Court or, in the opinion of this Court, for any other Court to separate what is alleged to be spontaneous from that which was the result of a deliberate violation of the rights of the defendant to counsel". This conclusion is apparently founded on the fact that there was some disagreement between the police officers who testified as to the exact words spoken by defendant before some questions were propounded to him, as well as defendant's version of the events. ¶ We disagree in part with the conclusions of County Court. This record does not demonstrate a deliberate violation of defendant's right to counsel, nor does it present an impossible problem of separating purely spontaneous declarations from those arguably a result of interrogation or its functional equivalent. On the contrary, there is uncontradicted proof that on more than one occasion, the police officers acknowledged defendant's representation by counsel and admonished him that they could only receive information from his counsel. His spontaneous outburst at Troop G Headquarters on April 28, 1982 was not the result of any interrogation, provocation or subtle maneuvering on the part of the police. It was in our view spontaneous and voluntary. When such a spontaneous statement is made, there is no duty on the part of the police officers to restrain a defendant from speaking (*People v Kaye*, 25 NY2d 139). Moreover, it is even acceptable for the officers to request more complete information from one making such a statement (*People v Kaye, supra*), arguably the basis for clarifying questions asked by the police officers in this case after the initial statements by defendant. Therefore, in the absence of any specific findings of fact on the issue of spontaneity by County Court (CPL 710.60, subd 4), we exercise our power to make the following factual determinations upon this record (CPL 470.15, subd 1; *People v Le Grand*, 96 AD2d 891; *People v Lopez*, 95 AD2d 241, 253). ¶ We find that the initial statements made by defendant at State Police headquarters at Loudonville, New York, on April 28, 1982 were spontaneous, not the product of express questioning or its functional equivalent, and made without external cause (see *Rhode Is. v Innis*, 446 US 291; *People v Kaye, supra*). The testimony of the police officers is, in significant parts, corroborated by other evidence in the record as well as by defendant's own testimony. Accordingly, we find that the portion of defendant's oral statement up to the point when Investigator Douglas Wingate testified that defendant was asked, "Why Mannix Road, why did you pick Mannix Road to go to?", is spontaneous, voluntary and should not have been suppressed. Although it is argued that the subsequent questions were asked for the purpose of "clarification" of the spontaneous outburst, the inquiry appears to us to be more in the form of an interrogation or its functional equivalent and, thus, impermissible (*People v Rivers*, 56 NY2d 476). Accordingly, defendant's utterances subsequent to the questions posed, as related by Investigator Wingate, were properly suppressed. We also agree that the written notes of Investigators Joseph Karas and Lloyd Wilson were, under the circumstances, properly suppressed. ¶ Order modified, on the law and the

facts, by reversing so much thereof as suppressed certain oral statements found by this court to have been spontaneously given, matter remitted to County Court of Rensselaer County for further proceedings on the indictment, and, as so modified, affirmed. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.