■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN SEABROOK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered August 10, 1983, convicting him of rape in the first degree, attempted sodomy in the first degree, sexual abuse in the first degree, assault in the second degree, assault in the third degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his right to a speedy trial pursuant to CPL 30.30. We do not agree. After subtracting periods of delay directly resulting from the defendant's pretrial motions (CPL 30.30 [4] [a]; *People v Worley,* 66 NY2d 523, 527; *People v Brown,* 113 AD2d 812); delays to which the defendant consented by failing to object (CPL 30.30 [4] [b]; *People v Gaggi,* 104 AD2d 442, *appeal dismissed* 65

NY2d 636); adjournments at the defendant's request (CPL 30.30 [4] [b]; *People v Brown, supra),* and delays resulting from the failure or inability of the defendant or his counsel to appear (CPL 30.30 [4] [c], [d]; *People v Hall,* 61 AD2d 1050, 1051), the total time chargeable to the People is well within the permitted six calendar months, which, in this case, totaled 182 days *(see, e.g., People v Jones,* 105 AD2d 179, 188, *affd* 66 NY2d 529, 540). Thus, the defendant's postreadiness motion to dismiss pursuant to CPL 30.30 *(see, People v Anderson, supra,* at p 536) was properly denied.

The defendant's second contention, that the trial court's charge on reasonable doubt diluted the People's burden, was not preserved for our review *(see,* CPL 470.05 [2]; *People v Jones,* 55 NY2d 771, 773; *People v Thomas,* 50 NY2d 467). In any event, the reasonable doubt charge, taken in its entirety *(see, People v Jones,* 27 NY2d 222, 226) did not diminish the People's required burden of proof *(see, People v Jones, supra; People v Daniels,* 107 AD2d 818; *People v Cruz,* 97 AD2d 518). Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.