■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VINCENT BAKER, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County (Moskowitz, J.), entered January 24, 1985, which granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30 (1) (a).

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

Contrary to the defendant's present contention, the instant appeal is clearly timely, as the People filed a notice of appeal on the same day that the order appealed from was entered (see, CPL 460.10 [1] [a]; see generally, People v Jayson, 31 AD2d 551; People v Mullins, 103 AD2d 994). The defendant's reliance upon People v Coaye (68 NY2d 857) is misplaced, as that case stands for the proposition that where a motion pursuant to CPL 330.30 is granted and sentence is then imposed on the same date, the order and sentence are subsumed in the judgment of conviction and both the People and the defendant

have 30 days after the imposition of sentence within which to file their respective notices of appeal. Conversely, only the People have been aggrieved by the court's order of dismissal in the case at bar, and that order is not subsumed in any other judgment. Hence, there exists no risk of a separate appeal by the defendant and an appeal by the People proceeding through the courts independently of each other *(see, People v Coaye, supra,* at 858-859), and the time within which to appeal from the order is governed by the applicable language of CPL 460.10 (1) (a).

Furthermore, the Supreme Court erred in dismissing the indictment pursuant to CPL 30.30. After subtracting those periods of delay directly attributable to the defendant's pretrial motions (CPL 30.30 [4] [a]; *People v Worley,* 66 NY2d 523; *People v Brown,* 113 AD2d 812, *lv denied* 67 NY2d 649), the delays occasioned by adjournments requested by or consented to by the defense (CPL 30.30 [4] [b]; *People v Meierdiercks,* 68 NY2d 613; *People v Kopciowski,* 68 NY2d 615), and a reasonable time for the People to arrange the defendant's arraignment *(see, People v Pappas,* 128 AD2d 556; *People v Gaggi,* 104 AD2d 422, *appeal dismissed* 65 NY2d 636, *rearg denied* 65 NY2d 1054), the total time chargeable to the People is well within the permitted six-calendar-month time limit *(see, e.g., People v Jones,* 105 AD2d 179, *affd* 66 NY2d 529; *People v Seabrook,* 126 AD2d 583). We further note that the People announced on the record their readiness to proceed to the hearing and trial on September 11, 1984 *(see, People v Kendzia,* 64 NY2d 331); thus, the court erred in rejecting their announcement of readiness on that date and instead should have commenced the pretrial hearing at that time. Mangano, J. P., Niehoff, Kunzeman and Kooper, JJ., concur.