*540 OPINION OF THE COURT
Leon A. Beerman, J.
This case presents an issue relevant to every felony prosecution in this State. The Appellate Divisions have provided conflicting and unclear assistance on the matter, and the Court of Appeals has been silent. The issue, generally described, is whether the time period between the filing of an indictment and the arraignment in Supreme Court is excludable under CPL 30.30. More specifically, the question which this court must answer is whether that time period is excludable in Queens County, where the Criminal Court Clerk, in the absence of the parties, generally sets the arraignment date between 4 or 5 weeks from the filing of the indictment, because of the backlog in the Arraignment Part.
Defendant Macio Walton is charged in the indictment with having committed the crimes of criminal possession of stolen property in the first degree and unauthorized use of a vehicle in the third degree. He has moved this court for an order dismissing the indictment on the ground that the People did not answer ready for trial within the time period specified in CPL 30.30.
The parties orally argued the issue before the court, and provided written submissions. The court now makes the following findings of fact and conclusions of law.
FINDINGS OF FACT
The action commenced with the filing of a felony complaint against defendant on September 15, 1986. The arraignment in Criminal Court was held the next day, and the matter was adjourned to October 7, 1986 in Part AP-6. The People do not contest that this time is chargeable to them.
The minutes of October 7, 1986 indicate that the case was adjourned to December 1, 1986 for presentation to the Grand Jury. The minutes of December 1 indicate that the case was adjourned on that date for Grand Jury presentation. The People contend that these two adjournments are excludable.
On January 13, 1987, the instant indictment was filed. The matter was then adjourned to February 23, 1987 for arraignment in the Arraignment Part (AA-1). The People maintain that this adjournment was excludable.
The representations of the People at oral argument, which were not challenged by defense counsel and were corroborated *541 by this court’s checking with officials in the clerk’s offices of the Criminal Court and Supreme Court in Queens County, indicate that the setting of the Supreme Court arraignment date in this county occurs as follows. The District Attorney files the indictment, and then the clerk in Part AP-6 of the Criminal Court sets the arraignment date and by mail notifies the District Attorney, the defendant, and defense counsel of that date. Because of the backlog of cases in the Supreme Court Arraignment Part, the clerk usually sets the date at some 4 or 5 weeks after the filing of the indictment.
Thus, as already mentioned, defendant’s arraignment was set for February 23, or just under six weeks from the filing of the indictment.
On February 23, 1987, the matter was adjourned to March 13, 1987 in this court, and was again adjourned to April 1, 1987. The People do not contest that these two adjournments were chargeable to them.
On April 1, the People did not answer ready for trial, and thus defendant made the instant motion, arguing that the 198 days between September 15, 1986 and April 1, 1987 are chargeable to the People, requiring dismissal of the indictment.
CONCLUSIONS OF LAW
Since defendant is charged with having committed a felony, the People had to be ready for trial within six months of the commencement of the action. (CPL 30.30 [1] [a].)
The action in this case began with the filing of the felony complaint on September 15, 1986. (People v Osgood, 52 NY2d 37, 40-46 [1980].) Six months from September 15, 1986 is March 15, 1987, or 181 days. (People v Smith, 97 AD2d 485 [2d Dept 1983].) Since the People did not answer ready by April 1, 1987 — a date after March 15 — it is their burden to prove that no more than 181 of the 198 days between September 15, 1986 and April 1, 1987 are chargeable to them. (People v Berkowitz, 50 NY2d 333, 349 [1980].)
The only adjournments which the People allege are excludable are those of October 7, December 1, and January 13. But the minutes of the former two adjournments indicate that those adjournments were requested by the People for Grand Jury presentation. Obviously, then, those two adjournments are chargeable to the People.
Hence, the only time period in question is the 41-day period *542 between the filing of the indictment on January 13, 1987 and the Supreme Court arraignment on February 23, 1987. If this court finds this period chargeable to the People, then the entirety of the 198 days would be chargeable to them and the indictment would therefore have to be dismissed. On the other hand, were this court to find that period to be excludable, then only 157 days would be chargeable to the People and thus defendant’s motion would have to be denied.
Subdivision (4) of CPL 30.30 sets out the time periods which are to be excluded from the readiness limit. Several paragraphs under this subdivision could conceivably sustain an argument that the time between indictment and arraignment is excludable.
Paragraph (a) excludes "a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to” several enumerated matters, such as pretrial motions and appeals. Although the statute indicates that this list is not exhaustive, one must wonder why the Legislature did not enumerate the arraignment as one of the excludable "other proceedings” if it desired that proceeding to be excludable.
Paragraph (b) of subdivision (4) excludes "the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel.” This court need not and cannot decide whether the period between defendant’s indictment and arraignment is excludable under this paragraph, as the People have not argued that defendant requested or consented to the adjournment, and the record was not developed to enable the court to make such a determination. The court notes in passing, however, that although the Second Department had originally held that the period between indictment and arraignment is excludable where the defendant fails to object to that adjournment (People v Brown, 113 AD2d 812, 813 [2d Dept 1985]; People v Gaggi, 104 AD2d 422, 423 [2d Dept 1984]), that appellate court now seems to have acknowledged that People v Meierdiercks (68 NY2d 613, 614-615 [1986]) requires that the defendant’s consent to an adjournment must be explicit, not implicit, for the adjournment to be excludable. (See, People v Baker, 131 AD2d 491, 492.)
Paragraph (c) of subdivision (4) excludes "the period of delay resulting from the absence or unavailability of the defendant. A defendant must be considered absent whenever his location *543 is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence. A defendant must be considered unavailable whenever his location is known but his presence for trial cannot be obtained by due diligence”. This paragraph does not seem to be directed primarily toward the standard defendant who has just been indicted and who is brought to court by a letter informing him of the indictment and the arraignment date. Nevertheless, it is arguable that this paragraph envisions the exclusion of time necessary to advise the defendant of the arraignment date.
Thus, the Second Department has held excludable "a reasonable period [for the People] to notify the defendant and arrange for his arraignment.” (People v Pappas, 128 AD2d 556, 558 [2d Dept 1987]; see, People v Baker, 131 AD2d 491, 492, supra; see also, People v Gadsden, NYLJ, Jan. 21, 1982, at 13, cols 3, 4 [Sup Ct, Kings County].) Pappas, Baker and Gadsden were all Kings County cases. The delay was 10 days in Pappas, 11 days in Gadsden, and an unspecified period in Baker.
The instant case involves a 41-day delay, and arises in Queens County, where the People do not set the arraignment date or notify the defendant. Rather, the People notify the court of the indictment, and the Criminal Court Clerk seeks the arraignment date, usually 4 or 5 weeks down the line, and then notifies the People and the defendant of the date. The need for a 4- or 5-week adjournment is occasioned more by the congestion in the Arraignment Part in Queens County Supreme Court than it is by the concern for sufficient time to obtain the defendant’s presence in court, which is the concern of paragraph (c) of subdivision (4).
The critical issue thus becomes whether the congestion in the Supreme Court Arraignment Part renders excludable the time between indictment and arraignment.
In People v Conrad (44 NY2d 863, 864 [1978], affg on opn below 93 Misc 2d 655, 655-656 [Monroe County Ct 1976]), the Court of Appeals held that CPL 30.30 was not violated when the People were prevented from timely answering ready for trial by the trial court’s negligent setting of the trial date beyond the 30.30 time limit. Of course, Conrad does not dispose of the instant case, since the 30.30 time limit had not expired in the instant case at the time of the arraignment set by the Criminal Court Clerk.
*544 The construction of Conrad (supra) by the lower courts has not been particularly consistent. A recent Criminal Court Judge has effectively ignored Conrad, finding that the prosecutor can obviate the trial court’s error in setting the trial date beyond the 30.30 period by either having the case advanced or serving and filing a certificate of readiness before the adjourned date. (People v Rodriguez, 131 Misc 2d 864, 865-866 [Crim Ct, NY County 1986].) Another Criminal Court Judge relied on Conrad in holding excludable an adjournment ordered by the court for the purpose of restoring the case to the calendar (upon the People’s motion) and notifying the parties. (People v Clark, 120 Misc 2d 365, 368-369 [Crim Ct, Kings County 1983].)
Although then Justice (now Judge) Hancock argued in dissent in People v Thill (75 AD2d 709, 711, 712 [4th Dept 1980], revd on other grounds 52 NY2d 1020, 1021-1022, upon remittitur 81 AD2d 754, cert denied 454 US 829 [1981]) that the six-day delay between indictment and arraignment should be excludable because it was "caused by the 'usual practice’ of the County Clerk’s office” in creating such delays, the majority memorandum found that period chargeable (People v Thill, supra, at 710). The Fourth Department has apparently reaffirmed the majority position in Thill in a unanimous memorandum joined by then Justice Hancock as well as by then Justice (now Judge) Simons. (People v McCaffery, 78 AD2d 1003 [4th Dept 1980].)
The Court of Appeals and the courts in the First Department have all taken the position that in that department the time between indictment and arraignment is chargeable to the People, because the People in the First Department are in full control of the arraignment date. (People v Conner, 106 AD2d 301 [1st Dept 1984], affd 65 NY2d 852 [1985]; People v Williams, 132 Misc 2d 549, 551 [Sup Ct, NY County 1986]; see, People v Range, 80 AD2d 812 [1st Dept 1981]; People v Amendolara, 135 Misc 2d 170, 176 [Sup Ct, NY County 1987, Rothwax, J.].) However, as noted previously, the People do not control the arraignment date in Queens County.
The view of the courts in the Second Department of Conrad (supra) and the matter of court-ordered adjournments has not been a clear one. In People v Smith (97 AD2d 485, supra), the Appellate Division, relying on Conrad, held excludable the three-day court-ordered adjournment for the purpose of arraigning the defendant when, for some unspecified reason, the court did not arraign the defendant on the originally sched *545 uled date. Interestingly, the Smith court seemed to have assumed that the time between the indictment and the date originally scheduled for the arraignment was not excludable. (People v Smith, supra, at 485.)
A Kings County trial court case, while predating Smith (supra), seems to have embraced some of its logic, holding that under Conrad (supra) the time between arraignment and the first appearance in a complex part is "at the court’s direction and [therefore] excludable,” while the 11 days between the filing of the indictment and the arraignment is excludable, not because the adjournment is at the court’s direction, but because "[t]he People are entitled to a reasonable period in which to notify defendant and arrange for his arraignment.” (People v Gadsden, NYLJ, Jan. 21, 1982, at 13, col 4, supra.)
However, after Smith (supra), the Second Department rejected Gadsden (supra) and indicated that the time between the indictment and the arraignment, as well as the time between the arraignment and the first appearance in a complex part, were not excludable, explaining "that CPL 30.30 (subd 4) contains no provision for the mandatory exclusion of all prearraignment or court-ordered delays.” (People v O’Neal, 99 AD2d 844, 846 [2d Dept 1984].)
Of course, as discussed above, the Second Department has now settled the issue regarding the excludability of a reasonable amount of time (about 10 days) for the People to arrange for the arraignment and notify the defendant. (People v Pappas, 126 AD2d 556, 558, supra; see, People v Baker, 131 AD2d 491, 492, supra.)
Once again, however, Pappas, Baker, and Gadsden (as well as Smith and O’Neal, supra) all deal with Kings County, where the prosecutor controls the arraignment date. What do these cases have to say about Queens County, where the Criminal Court Clerk sets, the date?
Smith and O’Neal (supra) seem to imply that a prosecutor-controlled adjournment cannot be excludable on Conrad grounds, because, by definition, the prosecutor, not the court, is controlling the adjournment. But O’Neal’s statement "that CPL 30.30 (subd [4]) contains no provision for the exclusion of all prearraignment or court-ordered delays” (99 AD2d 844, 846, supra) acknowledges that some court-ordered delays may be excludable. And Smith holds excludable a court-ordered postponement of the defendant’s arraignment.
This discussion raises an important issue which surprisingly *546 has received little attention: Which paragraph of subdivision (4) of CPL 30.30 allows for the exclusion of court-ordered adjournments? The only conceivable answer is paragraph (g), which excludes "other periods of delay occasioned by exceptional circumstances,” as, for example, when evidence suddenly becomes unavailable to the People.
It would thus seem that the Smith court excluded the three-day court-ordered postponement of the arraignment because that postponement was an "exceptional circumstance” not the fault of the prosecutor. Indeed, then Justice Hancock construed Smith (supra) in just such a manner in People v LaBounty (104 AD2d 202, 204 [4th Dept 1984]).
The instant matter, however, involves an adjournment between indictment and arraignment, an adjournment which occurs in all cases and thus is not per se an "exceptional circumstance.” Nevertheless, in Queens County the Criminal Court Clerk routinely sets the arraignment date 4 or 5 weeks from the filing of the indictment because of the crowded dockets in the Arraignment Part. Thus, it may be that in Queens there are "exceptional circumstances” (CPL 30.30 [4] [g]) "beyond the control of the District Attorney’s office” (People v LaBounty, 104 AD2d 202, 204, supra) permitting exclusion of the time between indictment and arraignment. Particularly since the Second Department in Pappas and Baker has excluded the approximately 10-day period in Kings County when the prosecutor controls the date of the arraignment, it seems likely that that court would also exclude the 4- or 5-week adjournment for arraignment in Queens County which is controlled by the Criminal Court Clerk.
Before concluding, however, it must be noted that a period of delay under paragraph (g) of subdivision (4), as with most of the delays under the other paragraphs, must in some way impede the People’s ability to answer ready in order to be held excludable. (People v Sturgis, 38 NY2d 625, 626-629 [1976]; People v LaBounty, 104 AD2d 202, 204, supra.) Does a court-ordered adjournment for arraignment impede the People’s ability to answer ready?
There appears to be a general view that until the People obtain an indictment, they should proceed vigorously toward obtaining one, and thus that preindictment adjournments are generally charged to the People; while, on the other hand, once the case is in Supreme Court, the ball is in the defendant’s court for motions, demand to produce, bill of particu *547 lars, etc., and thus adjournments in Supreme Court are generally charged to the defendant until all motions and discovery are completed. (People v Klaus, 104 AD2d 566, 567 [2d Dept 1984]; People v McCaffery, 78 AD2d 1003, supra; People v Thill, 75 AD2d 709, 710, supra; People v Gadsden, NYLJ, Jan. 21, 1982, at 13, col 4, supra; see, People v Foster, 135 Misc 2d 73, 74-76 [Crim Ct, Kings County 1987].)
While the Fourth Department has spoken in terms of a "preindictment’Ypostindictment dichotomy, that court has nevertheless considered the period between the indictment and the arraignment as part of the "preindictment period [when] the matter is wholly under the control of the People.” (People v McCaffery, supra, at 1003; People v Thill, supra, at 710.) The Third Department apparently concurs, holding that the time between indictment and arraignment is not excludable because "until arraigned, the People simply could not try [the] defendant.” (People v Marsh, 127 AD2d 945, 947 [3d Dept 1987]; People v Weeks, 126 AD2d 857 [3d Dept 1987].)
The Second Department, however, seems to take a different view. The Smith court held that the three-day court-ordered postponement of the defendant’s arraignment "had a bearing upon the People’s ability to prepare for trial * * * because trial motions could not be made and decided or even envisioned until the arraignment process had been completed.” (97 AD2d 485, supra.) And in Pappas and Baker (supra), the Second Department apparently did not expect the People to do anything during the approximately 10-day period between indictment and arraignment in Kings County than arrange for and notify the defendant of the arraignment. Thus, it would seem that the Second Department would hold that the 4- or 5-week period between indictment and arraignment in Queens County is excludable because the People should not generally be expected to engage in their postindictment trial preparation until all defense motions and discovery are completed.
The court is not unmindful of the fact that holding the 4- or 5- week Queens County period excludable will essentially add an additional month to the six-month readiness period provided for in CPL 30.30. In a similar vein, the Court of Appeals in People ex rel. Franklin v Warden (31 NY2d 498, 500-504 [1973]) was sensitive to the fact that in holding in that case that CPL 30.30 applied to the People’s readiness and not the courts’ availability to try cases, the six-month readiness rule of CPL 30.30 would often not get the defendant what he really *548 desired — a trial, not just a statement of readiness, within six months.
Nor is this court unmindful of People v Brothers (50 NY2d 413, 415-418 [1980]), in which the Court of Appeals held that calendar congestion did not constitute an "exceptional circumstance” under paragraph (g) of subdivision (4), in the sense that the People could not avoid answering ready for trial by pointing out that there would be no court presently available to try the case. The Brothers court noted "that in the face of known court congestion, it makes little practical sense to require the District Attorney to expend the effort (largely useless for any other purpose) just to enable him conscientiously to report to the court that he is ready for trial. Any futility on that account stems from the form in which the statute was enacted — expressing a command that the People must be ready for trial rather than that the defendant must be granted a trial within the prescribed period.” (50 NY2d 413, 418.)
The instant matter, however, does not involve the distinction between the People’s answering ready for trial and the defendant’s getting a trial, but instead concerns a topic as to which CPL 30.30 is silent but as to which the Second Department has apparently spoken — the undesirability of having the People move ahead with their postindictment trial preparation prior to the completion (or even inception) of the defendant’s motions and discovery requests. It would by no means have been unreasonable for the Legislature to have desired that the People finish their trial preparation even in the face of court congestion so that all plea negotiations, motions, and preparation would be disposed of in anticipation of such time as a court became available for trial, while at the same time' not desiring the rather futile exercise of having the People begin their postindictment trial preparation before the plea negotiations, defense motions and discovery were completed, inasmuch as the completion of such matters usually renders postindictment trial preparation unnecessary.
Finally, the court must point out that this opinion is not meant to imply that prosecutors can suspend their trial preparation between the time of the filing of the indictment and the completion of defense motions and discovery, and assume that no time during that period will be chargeable to them. Nor should prosecutors in the Second Department outside of Queens County who set the arraignment dates be led to believe that they can now set the dates 4 or 5 weeks *549 after the filing of the indictment and have that entire period excluded. Nor should the clerks in Criminal Court Part AP-6 assume that they can set arraignment dates with impunity at distant times after filing of the indictment where calendar congestion does not require such long delays. The previous discussion of the Second Department’s apparent attitude that postindictment delays are generally excludable related to the question of whether a delay-causing event enumerated in subdivision (4) of CPL 30.30 actually prevented the People from answering ready so as to render the period of delay excludable. Whatever may be the Second Department’s view of postindictment delays, such delays are not excludable if they do not in the first instance fit into the enumerated events set forth in subdivision (4).
Accordingly, on the basis of what it perceives the Second Department would rule, this court holds that where a court clerk, in the absence of the parties and as a result of calendar congestion, routinely sets the arraignment date some 4 or 5 weeks after the filing of the indictment, then that period is not chargeable to the People.
In the instant case, the 41-day scheduling between indictment and arraignment is not significantly out of line with the approximately 4- or 5-week standard scheduling, and therefore appears to result from calendar congestion. Hence, that period in this case is excludable.
Thus, only 157 days are chargeable to the People, fewer days than the 181-day limit. Accordingly, the motion to dismiss the indictment is denied.