■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MANUEL LOPEZ, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Bambrick, J.), dated June 29, 1988, which granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30 (1) (a).

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The defendant was arrested on December 19, 1987 and arraigned on December 21, 1987. After the defendant was indicted on April 5, 1988, the court clerk, pursuant to the practice in Queens County, scheduled his arraignment on the indictment for May 24, 1988. However, the defendant was not produced on that date and he was subsequently arraigned on June 20, 1988.

On June 29, 1988, the defendant moved to dismiss the indictment on the ground that he was denied a speedy trial within the meaning of CPL 30.30. The defendant argued that the People should be charged with 192 days of inexcusable delay, i.e., from December 19, 1987 until June 29, 1988, which exceeded the allowable six-calendar-month statutory limitation in this case.

In opposition to the motion, the People argued that the entire period of time between the filing of the indictment, i.e., April 5, 1988, and the first scheduled date for arraignment, i.e., May 24, 1988, was excludable and not chargeable to them, since that period was set by the court clerk, rather than the People. However, the Supreme Court granted the defendant's motion and dismissed the indictment.

We disagree with the Supreme Court's determination.

Even assuming arguendo that the court clerk's act of scheduling an arraignment on an indictment can be imputed to the People *(but see, People v Walton,* 136 Misc 2d 539), the entire period from April 5, 1988 until May 24, 1988, cannot be charged to the People. It has been held by this court that the People are entitled to a reasonable period in which to arrange the defendant's arraignment on an indictment *(see, People v Baker,* 131 AD2d 491, *lv denied* 70 NY2d 709; *People v Pappas,* 128 AD2d 556). Viewed within this framework, the amount of time chargeable to the People was within the allowable six-calendar-month statutory limitation in this case. Accordingly, the defendant's motion must be denied and the indictment reinstated. Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.