■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JASON, Appellant.—

Defendant moved for dismissal of the indictment on the ground that he was denied a speedy trial. The statutory six-month period is measured from March 2, 1984, the day on which defendant was arraigned on the original felony complaint *(People v Lomax,* 50 NY2d 351, 355-356). He was arraigned on a superseding indictment on October 11, 1984. In the intervening 224 days, defendant obtained three adjournments to allow him to testify at Grand Jury proceedings. This period, which accounted for 75 days and brings the total time of delay within the required six months, is chargeable to the defendant because the adjournments were at his request (CPL 30.30 [4] [b]).

Defendant's motion to sever his trial from that of his codefendant was properly denied, despite his contention that his codefendant would give testimony exculpatory of him. This contention was made solely in a conclusory allegation of counsel in motion papers. This was not enough of a showing to meet the heavy burden that falls on a movant seeking severance where the proof against the codefendant is supplied by the same evidence *(People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905).

We have reviewed the defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.