■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES F. SCOTT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered September 27, 1989, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SCOTT, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered March 9, 1989, convicting him of sodomy in the second degree and sexual abuse in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant was tried and convicted of performing oral sex on, and sexually abusing, a 13-year-old boy. The defendant presented his own version of the facts at trial, and contends that the complainant should not have been believed. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, who saw and heard the witnesses *(see, People v Gaimari,* 176 NY2d 84, 94; *see also, People v Almonte,* 135 AD2d 824). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant contends that a written confession was involuntarily obtained from him by the police, and that the hearing court did not set forth on the record findings of fact and conclusions of law in denying suppression of the statement. Even though a hearing court fails to make findings of fact as required by CPL 710.60 (6), the failure to do so does not require reversal where the record of the hearing is sufficient for this court to make such findings (see, People v Le Grand, 96 AD2d 891). The record discloses that the hearing court properly admitted the written confession into evidence, since under the totality of the circumstances, it was not involuntarily obtained. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.