■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL CONRAD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 2, 1987, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's right to a speedy trial was not violated. After subtracting those periods of delay directly attributable to the defendant's pretrial motions *(see,* CPL 30.30 [4] [a]; *People v Varela,* 164 AD2d 924; *People v Seabrook,* 126 AD2d 583; *People v Garfinkel,* 112 AD2d 949, 950), the delays occasioned by adjournments requested by or consented to by the defense *(see,* CPL 30.30 [4] [b]; *People v Jason,* 158 AD2d 337, 338; *People v Gerstel,* 134 AD2d 281, 282; *People v Seabrook, supra),* delay resulting from the failure of the defendant to appear *(see,* CPL 30.30 [4] [c]; *People v Seabrook, supra),* and a reasonable time for the People to arrange the defendant's arraignments *(see, People v Hudson,* 162 AD2d 617; *People v Lopez,* 149 AD2d 735, 736; *People v Baker,* 131 AD2d 491, 492), the total time chargeable to the People, including the periods of time between indictment and arraignment *(see, People v Correa,* 77 NY2d 930) is within the permitted six-month time limit *(see,* CPL 30.30 [1] [a]).

Considering the factors set forth in *People v Taranovich* (37 NY2d 442, 445), we find no violation of the defendant's constitutional right to a speedy trial.

We also find that the sentence was neither harsh nor excessive. Thompson, J. P., Bracken and Eiber, JJ., concur.

Rosenblatt, J., dissents, and votes to reverse the judgment and dismiss the indictment, with the following memorandum: It took almost three years to bring the defendant to trial. Under the facts of this case, the delay is too long to abide due process criteria, and I therefore respectfully dissent.

The defendant was arraigned on a felony complaint on December 7, 1984. Thirty-five months later, on October 30, 1987, he was brought to trial, but not before he made two speedy trial motions and the prosecution resubmitted the case to the Grand Jury twice.

While most cases involve motion practice that occasions a

measure of excludable delay, the case before us is out of the ordinary. The prosecution brought two faulty indictments, leading, understandably, to defense challenges and speedy trial motions. Given the extraordinarily large volume of cases prosecuted in the courts, it is understandable and almost inevitable that mistakes and delays occur, even with the most fastidious prosecutorial monitoring. The defense did not occasion the delays involved here. Under the circumstances, it is unfair to charge the prosecution with only a small fraction of the delay, particularly when the prosecution took weeks to respond to legitimate motions occasioned by its own flawed pleadings.

In July 1985 approximately seven months after the defendant's arraignment on the felony complaint, the court dismissed the first indictment because the prosecution failed to instruct the Grand Jury on justification. After filing a new indictment in August 1985 the defendant was arraigned on the new indictment, but one year later, having declared itself ready, the prosecution sought leave to amend the second indictment because it charged assault in the second degree rather than assault in the first degree. When the court refused, the prosecution did not proceed to trial on the charge of assault in the second degree. Instead, it returned to the Grand Jury, and, in September 1986 filed yet another indictment charging the defendant with assault in the first degree.

Under CPL 30.30 it is necessary to tabulate whether the defendant was brought to trial within 182 "chargeable" days, as part of the delay of over 1,000 days involved here. In the final tally, if one accepts the reasoning of the majority, the prosecution made it, figuratively, by a hair—a matter of hours —under the statutory wire. I have no quarrel with those calculations, but I stress the difference between the statutory criterion which necessarily entails an account ledger methodology, and the concept of constitutional due process, which rests on general concepts of fairness.

In all, the reasons offered by the prosecution are insufficient to override the defendant's due process claims under the New York State Constitution (NY Const, art 1, § 6; *People v Staley,* 41 NY2d 789).