Richard A. Browh, J.
This is an application to restore to the calendar of this court a criminal proceeding in which defendant is charged with assault in the third degree. The proceeding had heretofore been adjourned in contemplation of dismissal under OPL 170.55 upon consent of both the People and the defendant.
Defendant and complainant herein are successful elder statesmen (ages over 70) of the women’s wear industry. A civil action is presently pending in the United States District Court in Florida in which the defendant herein, Fred Pomerantz, alleges that the complainant herein, Jack Lieberman, raided his company of skilled employees. Subsequent to the filing of that action the defendant saw complainant in a private restaurant in the garment district of New York City and allegedly struck the complainant without provocation. Defendant alleges that there were ‘ ‘ fisticuffs ’ ’, indicating an active participation on the part of the complainant.
Complainant subsequently commenced a civil action for damages due to physical injuries allegedly suffered from defendant’s alleged attack .and defendant was charged with violation of section 120.00 of the Penal Law, assault in the third degree. Upon arraignment herein on said charge, the People, with concurrence of counsel for defendant, moved to adjourn the matter in contemplation of dismissal under CPU 170.55. The motion was granted.
*767 Subsequently, counsel for the complainant moved to restore the proceeding to the calendar on the basis of the fact that the People in making the motion, and the court in granting it, did not possess all the pertinent facts necessary to determine whether defendant was entitled to an adjournment in contemplation of dismissal. Defendant argues that the application of complainant cannot be granted since the People oppose the motion. The People contend that the court lacks jurisdiction to restore the proceeding to the calendar upon the ground that CPL 170.55 requires an application by the People in order to restore a proceeding to the calendar.
The statute around which the controversy exists, CPL 170.55, is as follows:
" 1. Upon or after arraignment in a local criminal court upon an information, a simplified traffic information, a prosecutor’s information or a misdemeanor complaint, and before entry of a plea of guilty thereto or commencement of a trial thereof, the court may, upon motion of the people or the defendant and with the consent of the other party, or upon the court’s own motion with the consent of both the people and the defendant, order that the action be ‘ adjourned in contemplation of dismissal,’ as prescribed in subdivision two.
“ 2. An adjournment in contemplation of dismissal is an adjournment of the action without date ordered with a view to ultimate dismissal of the accusatory instrument in furtherance of justice. Upon issuing such an order, the court must release the defendant on his own recognizance. Upon application of the people, made at any time not more than six months after the issuance of such an order, the court must restore the case to the calendar and the action must thereupon proceed. If the case is not so restored within such six month period, the accusatory instrument is, at the expiration of such period, deemed to have been dismissed by the court in furtherance of justice.” Said statute, effective September 1, 1971, did not exist prior to the enactment of the Criminal Procedure Law. As is pointed out in the Practice Commentary with respect thereto, said statute was intended to codify a procedural device commonly used in the Criminal Court of the City of New York, known as the “ D.O.R.” — discharge on own recognizance. The use of that procedure meant neither a conviction on the one hand nor a dismissal on the other but was, rather, an abatement of prosecution for an indefinite unofficial probationary period. It was considered a valuable tool in the judicial workshop which allowed for the disposition of cases that called for *768 something less than criminal conviction but which should not be dismissed outright. (See article by former Criminal Court Judge J. Howard Rossbach, 10 Advocate 71.)
Both the defendant and the People interpret CPL 170.55 as absolutely requiring a prosecutor’s application within six months of the granting of the A.C.D. as the only vehicle which can restore the case to the calendar. I disagree. The statute does not in any manner prohibit the court from restoring the case to the calendar; it simply states under what conditions the court must restore the case. It does not purport, in any way, to prevent the court with jurisdiction over the original matter, in furtherance of justice, from restoring the case to the calendar should the court be of the judgment that there has been a change in the facts and circumstances under which the A. O. D. was granted or that, based upon additional facts presented, the motion to adjourn the proceeding in contemplation of dismissal should not have been granted in the first place.
It is clear that the “ must restore ” provision of subdivision 2 of section 170.55 is intended to reflect the case of Matter of Silver v. Gassman (6 A D 2d 694), in which it was held that under the old D. O. R. procedure the court was required to restore the case to the calendar for trial at the instance of the People — that the application was, in effect, the moving of a case for trial and that the court does not have the power to determine for the People who will be prosecuted for crimes or who will be brought to trial. (Matter of McDonald v. Goldstein, 191 Misc. 863, affd. 273 App. Div. 649.)
The issue then is not whether this court has the jurisdiction and power to restore a case in A. C. D. status to the calendar absent the application of the People but whether, under the facts and circumstances here present, the court should restore the case to the calendar.
The court, in making its initial determination as to whether to grant A. C. D. status, looks at such criteria as the defendant’s character and background, his alleg’d offense, his record of prior criminal involvement, whether the controversy between the parties might more appropriately be decided in another forum, e.g., a civil suit pending or one to be initiated subsequently.
It would be difficult to find a cáse more suitable for A. 0. D. consideration than the one at bar. Here, the defendant is a law-abiding citizen who allegedly reacted in a violent manner due to business complications in which complainant allegedly played a substantial role (evidenced by a pending civil action in the United States District Court in Florida). Defendant is a sue *769 cessful businessman in Ms seventies with no prior record of offenses. Complainant is seeMng monetary damages for the alleged assault herein in a civil action and that is the proper forum for this matter.
Accordingly, the motion to restore this matter to the calendar is denied.