E. Leo Milonas, J.
On November 13, 1974, the defendant, Matthew Dibono, was arrested and charged with the crimes of grand larceny (Penal Law, § 155.30), possession of stolen property (Penal Law, § 165.40) and forgery (Penal Law, § 170.05). One week later, in Part 3 (Youth Part) of Criminal Court, the charges against the defendant were reduced to the misdemeanor of criminal possession of a forged instrument in the third degree (Penal Law, § 170.20) and that charge was adjourned in contemplation of dismissal (CPL 170.55). It was stipulated that defendant would participate in the Youth. Counseling Bureau program (YCB) and make full restitution to those financially harmed by his acts. On November 26, 1974, the District Attorney moved to restore the case to the calendar over the opposition of defense counsel.
CPL 170.55 (subd 2) states that upon application of the People made within six months of the court’s ordering a case adjourned in contemplation of dismissal (ACD), the court must (emphasis added) restore the case to the calendar and the action must thereupon proceed. It has been held that the word "must” makes it mandatory for the court to restore the case to the calendar (People v Hurt, 78 Misc 2d 43). In that case, an ACD was granted on consent of all parties. However, on *179 the same day, the District Attorney made an application to restore the case to the calendar. The court, in an extensive discussion on the history of the ACD statute, stated that it was without power to conduct an evidentiary hearing and was forced to restore the case to the calendar. Defendant’s reliance on People v Pomerantz (76 Misc 2d 766) for a contrary result is misplaced. In Pomerantz, defendant was arrested for assault and the case was ACD’d on consent of the People and defendant. Subsequently, counsel for the complainant moved to restore the case to the calendar. In denying the complainant’s application, the court stated that only the District Attorney and the court had the power to restore the case to the calendar. In the instant case, it is the District Attorney, not the complainant, who is moving to restore the case to the calendar.
Defense counsel here contends that the ACD was solely conditional on the defendant’s successful participation in the YCB program and the making of restitution. (It is undisputed that defendant met these conditions.) Defense counsel cites various cases to support his contention that he is entitled to specific performance of the defendant’s agreement with the District Attorney. All the cases cited involve plea agreements (Santobello v New York, 404 US 257; People v Selikoff, 35 NY2d 227; People v McClinton, 43 AD2d 930; People v Griffith, 43 AD2d 20). An ACD is also a stipulation between the parties. Such a stipulation can alter or restrict the statutory language of CPL 170.55, and the People can limit their right to restore a case after an ACD is granted. The People in this matter, for example, may have agreed that they would restore the case only if the defendant did not make restitution or successfully complete the YCB program. However, this was not the agreement here. The conditions imposed were not intended to restrict the People’s right to restore, but were rather intended to cause the defendant to take certain affirmative actions in the future. Such a promise of the defendant induced the People to make their application to the court for an ACD. Accordingly, the People’s motion to restore the instant case to the calendar is granted.
Although the court is powerless to deny the People’s motion to restore this case, it now considers the dismissal of the restored action in the interests of justice. This court is troubled by the situation in which the defendant now finds himself. He has fulfilled all the conditions imposed, yet again finds *180 himself back in court on the original charges. An indictment or information may be dismissed in the interest of justice, even though there may be no basis for dismissal as a matter of law, when such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice (CPL 210.40, subd 1; CPL 170.40, subd 1). In People v Clayton (41 AD2d 204), the Appellate Division listed the facts which a Judge may consider in determining whether a case should be dismissed on this ground. Among the factors to be considered are the following: (a) the nature of the crime; (b) the available evidence of guilt; (c) the prior record of the defendant; (d) punishment already suffered by defendant; (e) purpose and effect of further punishment; (f) any prejudice resulting to the defendant by . the passage of time, and; (g) impact on the public interest of a dismissal of the indictment. In effect, there is a balancing test between the interests of the defendant and the interests of the State in dismissing or retaining the charges against the defendant (People v Kwok Ming Chan, 45 AD2d 613).
A motion to dismiss an indictment or information may be made by the defendant, the People, or by the court itself (CPL 210.40, subd 2). Fair notice must be given to all parties and the motion papers must contain sworn allegations in support of the motion (CPL 210.45, subd 1). The People may file án answer in opposition to the allegations if it so desires (CPL 210.45, subd 2). After all the papers have been filed, the court must grant the motion without conducting a hearing if the papers allege a ground constituting legal basis for the motion and such ground, if based upon the existence of facts, is supported by sworn allegations of all facts essential to support the motion and the sworn allegations are conceded by the People to be true or are substantiated by documentary proof (CPL 210.45, subd 4). The court may deny the motion without a hearing if the moving papers do not allege a proper ground, or there are no sworn allegations supporting the essential facts, or the allegations are refuted by unquestionable documentary proof (CPL 210.45, subd 5). If the court cannot determine the motion on the basis of the papers submitted, then it must conduct a hearing (CPL 210.45, subd 6).
Although it has been held that a hearing is required before *181 a criminal proceeding can be dismissed in the interests of justice (People v Kwok Ming Chan, supra; People v Clayton, supra), a hearing is not required when the court has sworn allegations sufficient for determination, and the People have had an opportunity to oppose such allegations. In the instant case, defense counsel submitted an affidavit which was accompanied by a memorandum from defendant’s caseworker at the Youth Counsel Bureau. Based upon the papers submitted, the court makes the following findings: defendant, a 17-year-old male with no prior arrests, has made complete restitution to those financially harmed by him; has co-operated fully with the Youth Counsel Bureau; is employed full-time and has not been arrested since this incident. He has completed the courses for his high school equivalency diploma and is scheduled to take the test in the immediate future. This case has been in court for approximately six months and defendant has had to appear in court numerous times during that time. There would be no purpose or reason to inflict any further punishment than that already suffered by this defendant.
Accordingly, this case is dismissed in the interests of justice (CPL 170.40).