Paul S. Lawrence, J.
This is an application to restore to the calendar of this court a criminal proceeding in which the defendant is charged with theft of services in violation of subdivision 3 of section 165.15 of the Penal Law. The proceeding had heretofore been adjourned in contemplation of dismissal under CPL 170.55 upon consent of both the People and the defendant.
It is alleged in the criminal information that the defendant on November 20, 1975, while a passenger on a Long Island *12 Railroad train, did unlawfully refuse to pay an additional fare of 30 cents, the amount representing the lawful charge for passage between Penn Station and Brooklyn, New York.
On March 31, 1976, the defendant appeared at a Criminal Term of the District Court of Nassau County and the proceeding was adjourned in contemplation of dismissal as provided by CPL 170.55.
The defendant, through his attorney, now moves to restore the accusatory instrument to the calendar so that the action may proceed. In his affidavit in support of the motion the defendant states that at the time of his appearance in District Court on March 31, 1976, it was his understanding that the criminal charge was being dismissed at that time and not, in fact, being adjourned for a period of six months. The defendant also makes it clear that he understands that on September 30, 1976, the date of his affidavit, the charge against him would have been dismissed, in that no application by the People to restore the case had been instituted.
The defendant also makes it clear that he reaffirms his innocence and desires to litigate the charge on the merits. He is also acutely aware of the possibility of conviction and aware of the fact that his photograph and fingerprints would be returned and the records of the case sealed.
The People have submitted an affidavit opposing restoration of the matter to the calendar and contend that an adjournment in contemplation of dismissal may be restored to the calendar only upon an application made by the People. In support of this contention the People cite People v Hurt (78 Misc 2d 43). The People also point to People v Pomerantz (76 Misc 2d 766), and state that the defendant has not alleged facts sufficient to satisfy the standards enunciated in Pomerantz.
Further, the People contend that due to the lapse of time between the date of the incident and this motion to restore, the People’s case at trial would be severely prejudiced.
The court has examined the cases which have addressed themselves to the question of under what circumstances a case must be restored to the calendar and at whose instance. The case at bar appears to be one of first impression in this area in that it is the defendant who has initiated the application for restoration of the criminal proceeding to the calendar.
In People v Hurt (supra) and People v Pomerantz (supra), *13 the courts agree that upon application of the People made within six months of the court’s ordering a case adjourned in contemplation of dismissal, the court must restore the case to the calendar and the action must thereupon proceed. It has been held that the word "must” makes it mandatory for the court to restore the case to the calendar upon the application of the People. In People v Pomerantz (supra), the court, after a discussion of the history of CPL 170.55, reached the conclusion that although an application by the People to restore a matter to the calendar makes it mandatory upon the court to do so, it does not prevent the court, in furtherance of justice, from restoring the case to the calendar should the court be of the judgment that there has been a change in the facts and circumstances under which the adjournment in contemplation of dismissal was granted or that, based upon additional facts presented, the motion to adjourn the proceeding in contemplation of dismissal should not have been granted in the first place. The court’s rationale for this conclusion is based, in part, upon a finding that CPL 170.55 was intended to codify a procedural device commonly used in the Criminal Court of the City of New York, known as the "D.O.R.” — discharge on own recognizance. This procedure was neither a conviction nor a dismissal, rather an abatement of prosecution for an undefined unofficial probationary period. It was considered a valuable tool of the judiciary which allowed for a disposition of cases without a criminal conviction or outright dismissal.
This court is in agreement with the rationale of the Pomerantz decision and adopts the principal that the issue is not whether this court has the jurisdiction and power to restore a case in adjournment in contemplation of dismissal status to the calendar absent the application of the People, but whether, under the facts and circumstances here present, the court should restore the case to the calendar. This court feels that the motion to restore the instant case to the calendar should be granted for the following reasons:
Unlike Pomerantz, it is the defendant himself who seeks restoration of the criminal charge, and not the "complainant” who seeks this relief. The defendant has made it perfectly clear in his moving papers that he wishes to litigate the charge against him on the merits and is. fully cognizant of the consequences which might flow from a conviction thereupon.
Further, the defendant has stated that he did not understand the adjournment in contemplation of dismissal proce *14 dure, and that it was his belief that the criminal charge had been dismissed on March 31, 1976. This court has examined the transcript of the proceedings which took place on March 31, 1976, and finds that perhaps there is some merit to the defendant’s misinterpretation of what occurred. The defendant was not advised on the record, either by the court or by bis attorney, as to what constitutes an adjournment in contemplation of dismissal and what consequences and benefits flow therefrom. In fact, an examination of the record indicates that the defendant did not in any way participate in the court proceedings.
In 38 Albany Law Review 223, 230-231, Albert J. Pirro, Jr., cites the President’s Commission on Law Enforcement and Administration of Justice, Task Force Report: The Courts, pp 8-9, as stating that while it may be desirable to avoid the stigma of the criminal process, there is a possibility that the defendant may accept a burdensome adjournment based on a borderline charge on which he or she would be found not guilty. For example, the accused will be under strong pressure to accept any disposition which avoids the possibility of a criminal conviction. Consequently all parties should be assured that there is a factual basis for the charge, and that the defendant has not been pressured into accepting the disposition. In this regard the Task Force Report states (p 9): "The reviewing judge should, in the first place, determine that there is a factual basis for the charge. If the judge determines that there is no basis for the charge, he should inform the accused, who then would be free to pursue or reject the recommended program without the threat of a criminal charge. The judge should also consider the amount of pressure that was put on the accused to agree to a noncriminal alternative and determine whether it constituted an overwhelming inducement to surrender the right to trial. If he is- not satisfied, the case should be set for trial.”
The Task Force Report also makes the point that section 65.05 of the New York Penal Law specifies the procedure and requirements for a sentence of conditional discharge. The report indicates that this section requires that the court state its reasons on the record for imposing a conditional discharge and also requires the court to specify the conditions imposed. The report goes on to conclude that this practice is highly desirable for purposes of the adjournment in contemplation of dismissal.
*15 This court believes that the recommendations of the Task Force Report concerning court proceedings with regard to an adjournment in contemplation of dismissal is, in a large part, the best path to follow to insure that the defendant fully understands the consequences and benefits of an adjournment in contemplation of dismissal.
The court finds without merit the People’s contention that their case is prejudiced because of the passage of time. It is the defendant who has everything to lose if the case proceeds to trial. The People, on the other hand, have nothing to lose by the granting of this motion.
This court is of the firm opinion that to deny a defendant his day in court, especially when he is fully aware of the consequences which may flow therefrom, would be a miscarriage of justice and for this and the above-cited reasons the defendant’s motion is granted and the criminal proceeding is restored to the calendar. The defendant is directed to appear in Part I Criminal Term on January 4, 1977.