*603 OPINION OF THE COURT
Lewis L. Douglass, J.
This is a motion to dismiss the indictment on the grounds that the defendant was not given notice of the District Attorney’s intent to present the matter to the Grand Jury.
The defendant was initially charged with driving while intoxicated (DWI) at the misdemeanor level. He now argues that irrespective of how the prosecutor charged him, because of a prior conviction for the same offense he should have been charged in the criminal court at the felony level, which would have given him the right to notice from the District Attorney as to his intent to present the matter to the Grand Jury and since the prosecutor failed to give such notice, this indictment should be dismissed.
CPL 190.50 (5) (a) provides that “the district attorney must notify” "a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint” of the District Attorney’s intent to present pending felony charges to a Grand Jury (emphasis added). The purpose of this section is to give the defendant the opportunity to decide whether he or she wishes to testify before the Grand Jury.
Because this defendant was charged with DWI at the misdemeanor level, no “felony complaint” was filed but rather the District Attorney filed a "misdemeanor complaint”.
The defendant acknowledges that no "felony complaint” was filed, but argues that the prosecutor had no choice but to charge him as a felon, since he has been previously convicted of DWI. The defendant urges the court to accept this argument since otherwise the system would be unfair in that a person charged with rape or robbery, for example, would be entitled to notice of the District Attorney’s intent to present the matter to a Grand Jury, whereas a person facing felony charges of DWI would not have the same rights.
The court agrees that there seems to be no logical reason to treat those charged with rape or robbery differently from those charged with the felony of driving while intoxicated, however, the remedy for that anomaly must be left to the Legislature. The language of CPL 190.50 is clear. Only defendants facing "felony complaint[s]” are entitled to notice of the intent to present the matter to the Grand Jury. There is no authority for a Trial Judge to substitute his view, for what is the clear language of the statute.
*604 The defendant next advances an argument which again appears logical and fair, but it too, is inconsistent with the clear, unequivocal language of the statute and must be rejected. Defendant argues that CPL 170.20 provides that where a misdemeanor complaint is filed in the criminal court and the District Attorney intends to present the matter to the Grand Jury, the District Attorney must apply to the criminal court for an adjournment of the proceeding in that court.
In this case no such application was made and thus, the defendant argues that the subsequent prosecution by indictment was defective. Defendant not only cites logic and fairness in support of the argument, but cited People v Callaway (124 Misc 2d 168), which holds that the District Attorney "must” apply for an adjournment in the criminal court before he may present a pending misdemeanor charge to the Grand Jury.
This court cannot agree with the reasoning in People v Callaway (supra). CPL 170.20 was designed to prevent a defendant who is charged with a misdemeanor from entering a quick plea in that court and thus, preventing the prosecutor from seeking a felony indictment by presenting the case to the Grand Jury. CPL 170.20 covers two situations. In subdivision (1) the criminal court loses jurisdiction when the indictment is "filed”. Under that section, the District Attorney need not give notice of his intention to proceed into the Grand Jury but runs the risk that if the defendant enters a plea in the criminal court before the indictment is filed, the felony prosecution is barred. Subdivision (2) contemplates a situation where the District Attorney anticipates some delay in presenting all of his evidence to the Grand Jury, and is concerned that before the Grand Jury’s proceeding is completed, the defendant will enter a plea in the criminal court. To prevent that circumstance, the subdivision provides that the District Attorney "may” apply to the criminal court for an adjournment and that court "must” grant the adjournment. This subdivision gives the prosecutor a mechanism to, in effect, stay the proceedings which are pending in the criminal court. In the subdivision (1) situation, where the proceeding in the Grand Jury is unknown, the criminal court does not lose jurisdiction until the indictment is "filed” (a public process).
In the subdivision (2) situation, since all parties are aware of the District Attorney’s intention to proceed to the Grand Jury, the criminal court loses jurisdiction when the Grand Jury takes its vote (a secret process).
*605 The Legislature is perfectly consistent in the use of the words "must” and "may” throughout CPL 170.20 and 190.50. Subdivision (2) of CPL 170.20 gives the District Attorney the option of applying for an adjournment by the use of the word "may” and goes on to provide that the criminal court "must” grant the adjournment.
Although I find it peculiar that a person charged with rape or robbery would be entitled to notice that the matter will be presented to the Grand Jury, and a person charged with the felony of driving while intoxicated is not accorded the same treatment, the language of the statutes, i.e., CPL 190.50 and 170.20, is so clear that the defendant’s application must be denied.