OPINION OF THE COURT
John A. Barone, J.
This court is faced with the unusual circumstance of a defendant seeking to restore a criminal action that had been adjourned in contemplation of dismissal pursuant to CPL 170.55. There are two issues facing the court: does the court have the power to restore an action on defendant’s unopposed motion, and, if so, should the court exercise that power here.
The defendant was arraigned before me on Saturday, December 10, 1994, on charges of disorderly conduct, a violation, and resisting arrest, a misdemeanor. The accusatory instrument alleged that on December 9, at approximately 2:20 p.m., the defendant refused to comply with a police officer’s directive to move his double-parked vehicle, and instead stated, "I’m not [expletive] moving my car and why don’t you give me a ticket”; it further alleged that defendant twisted his body and flailed his arms to prevent the officer from placing handcuffs on his wrists. An additional arresting charge of obstructing governmental administration in the second degree was not alleged. Also before me was the Criminal Justice Agency’s Interview Report which made no recommendation as to bail because, although this was defendant’s first arrest, it concluded that defendant possessed insufficient community ties, possibly because a verification reference source was not provided.
The People appropriately moved that the matter be adjourned in contemplation of dismissal (ACD), with the defendant’s consent. The court so ordered.
By notice of motion dated February 3, 1995, defendant seeks to restore the matter to the calendar. In his supporting affidavit, defendant states that he accepted the ACD without knowing that it would preclude him from fully pursuing his *478 rights in Federal court, including an action for malicious prosecution. He explains that the attorney assigned to him at the arraignment advised that the People were offering an ACD, which he understood to mean that the charges against him would be dismissed in six months, and that if he did not accept the offer, the court could, but probably would not, set bail. He does not assert that the People demanded that he forego his rights to bring a civil action in exchange for an ACD, or that his attorney misled him or placed undue pressure on him to accept the ACD. He does assert that the attorney did not affirmatively advise him that a collateral civil effect of the ACD would be that he could not pursue a malicious prosecution claim. The defendant explains that as the prospect of spending even a minute more in jail frightened him, and the idea of a dismissal after six months sounded satisfactory, he consented to the ACD.
The defendant further alleges that following a discussion with his own attorney the following Monday, he now wishes that the matter be restored to the calendar so that it can be tried on the merits and he, thereafter, can pursue an action in Federal court. He contends that he did not act disorderly or resist arrest and asserts that he was embarrassed and humiliated by the arrest which took place in front of his store where he was unloading merchandise.
The People neither oppose nor consent to the court restoring the matter, and do not argue that the court is without the power to do so. Rather, they request that should the court decide to grant defendant’s motion, it should first conduct an on the record inquiry of the defendant to determine if he understands the consequences of his actions, and also examine defendant’s awareness of the existence of a possible conflict of interest between the defendant and his attorney. For, they warn, should the defendant get his wish, the People intend to vigorously prosecute the action, and the defendant may be found guilty and be sentenced to prison.
CPL 170.55 codifies the pre-CPL informal practice of "D.O.R.”, discharge on own recognizance. (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 170.55, at 93 [1993].) It provides that in certain designated instances, the court "may, upon motion of the people or the defendant and with the consent of the other party, or upon the court’s own motion with the consent of both the people and the defendant, order that the action be 'adjourned in contemplation of dismissal’ ”. (CPL 170.55 [1].)
*479 Through the ACD, the action is adjourned sine die "with a view to ultimate dismissal of the accusatory instrument in furtherance of justice”, and the court releases the defendant on his own recognizance. (CPL 170.55 [2].) The People may move, within six months, to restore the action to the calendar, and, prior to the 1980 amendment, the People had unfettered discretion to do so and the court was mandated to grant the People’s application. (See, People v Hurt, 78 Misc 2d 43 [1974]; People v Pomerantz, 76 Misc 2d 766 [1974].) Presently, a court may deny the application, or grant it if it determines, in its discretion, that a dismissal "would not be in furtherance of justice”. (CPL 170.55 [2].)
If the action is not restored, at the end of the six-month period the accusatory instrument is deemed to have been dismissed by the court in furtherance of justice. Upon dismissal, "the arrest and prosecution shall be deemed a nullity and the defendant shall be restored, in contemplation of law, to the status he occupied before arrest and prosecution.” (CPL 170.55 [8].)
While the granting of an ACD is not a conviction or an admission of guilt, it also is not a determination on the merits or an acquittal. (CPL 170.55 [8]; Matter of Marie B., 62 NY2d 352 [1984]; Malanga v Sears, Roebuck & Co., 109 AD2d 1054 [4th Dept], affd 65 NY2d 1009 [1985].) Thus, notwithstanding the statutory provision that "[n]o person shall suffer any disability or forfeiture” as a result of the ACD (CPL 170.55 [8]), a plaintiff in a malicious prosecution action cannot establish that the criminal action was terminated in his favor, a necessary element of a cause of action for malicious prosecution. (Hollender v Trump Vil. Coop., 58 NY2d 420, 425-426 [1983]; Lancaster v Kindor, 98 AD2d 300, 308 [1st Dept 1984], affd 65 NY2d 804 [1985].)
The first issue facing the court is whether the court has the power to restore an action on defendant’s application. Here, the question is made easier, as the court need not examine whether it can do so over the People’s objection.
The statute is silent on whether the defendant can move to restore to the calendar an action that was adjourned in contemplation of dismissal. It does provide that an ACD must be on defendant’s consent; as reasoned by the court in People v Fusco (NYLJ, July 12, 1991, at 26, col 2 [Crim Ct, Bronx County, Alvarado, J.]), if a prerequisite to an ACD is defendant’s consent, then it would appear that a defendant can *480 withdraw that consent by seeking to restore the ACD within six months.
Similarly, as the statute vests the court with the discretionary power to grant, or deny, an application that the matter be adjourned in contemplation of dismissal, or to grant, or deny, the People’s application that the matter be restored to the calendar, the court also has the power to grant defendant’s application to restore, should it determine that it would be in furtherance of justice that the matter proceed. (See, People v Fusco, supra; People v Pomerantz, supra.)
What constitutes a valid reason for a court to so exercise its discretion depends, of course, on the facts and circumstances of each particular application and the underlying facts. In People v Paar (89 Misc 2d 11 [1976]), the court granted defendant’s application to restore the matter to the calendar where it found that: (i) the defendant misunderstood the ACD procedure and believed that the charge had been dismissed when the ACD application was made, (ii) an examination of the transcript revealed some merit to defendant’s misinterpretation, and (iii) the defendant made it clear that he wanted to litigate the action on the merits and was fully cognizant of the consequences that might flow from a conviction.
The court in People v Fusco (supra) held that the defendant must meet the same standard as the People: a "valid articulable reason”; a change of mind is insufficient. In Fusco, the defendant faced charges of criminal possession of stolen property in the fourth degree and falsifying business records. The defendant, who possessed a license to sell secondhand goods, showed that following his acceptance of the ACD, he was advised that he might lose the license and that he became stigmatized by the business community. The court reasoned that these consequences were contrary to the purpose articulated by the ACD, and provided a valid reason to grant defendant’s timely motion to restore the action to the calendar.
At least one court has addressed the issue of whether a court should grant the People’s application to restore where the stated purpose was to affect substantially the outcome of a civil action, a somewhat analogous situation to that faced by the court here. In People v Clark (123 Misc 2d 674 [1984]), the People sought restoration because the defendant filed a civil suit for personal injuries against the civilian complainant that filed the criminal charges. The court held that it was not in *481 the interest of justice to restore the action, reasoning that the restoration "would not be an effective use of the limited resources of the Criminal Court” and "to require a criminal trial before a civil one would be a clear case of the tail wagging the dog”. (Supra, at 679.)
Here, the stated purpose of defendant’s motion is to enable him to bring a civil action for malicious prosecution, false arrest and false imprisonment should the matter subsequent to its restoration be resolved on the merits in defendant’s favor. In essence, the defendant wishes for this court to use its discretionary powers to restore an action to its criminal calendar so that, assuming that defendant is successful, he can then pursue a civil claim alleging that the People wrongfully proceeded to prosecute an action against him.
This court does not believe that in these circumstances, the defendant has articulated a valid reason for the court to so exercise its powers. Defendant has not alleged that he misunderstood the ACD mechanism or that there was undue pressure placed upon him to accept the ACD or that the People conditioned the giving of the ACD offer on defendant’s waiver of any constitutional rights. While he does assert that the attorney assigned to him at the arraignment failed to advise him of a collateral civil effect of the ACD, he correctly does not assert that he received ineffective counsel as a result. Indeed, he does not explicitly attest that had he known, he would have taken his chances and risked not being released. Nor does the defendant allege that he has suffered a consequence not foreseen by the statutory framework.
Without expressing an opinion on the particular facts of the underlying arrest and imprisonment of the defendant until his arraignment, the court sympathizes with any individual who indeed was falsely arrested and imprisoned. The court also appreciates that the defendant faced a decision that with hindsight, leisure to reflect, and different advice, he may have answered differently, although the court believes that the ACD indeed was an appropriate disposition and a reasonable choice. But a change of mind, motivated in part or in whole by a desire to pursue a claim for malicious prosecution, is an insufficient basis for this court to conclude that it should exercise its discretion and restore this matter to the calendar.
Criminal courts now must deal with calendar congestion of historic proportions. They must ensure that the rights of society and the individual are protected at the same time that *482 they address the need to administer justice as quickly and effectively as necessary to meet the burdens of that calendar. This court has concluded that under the circumstances here, it would not be in furtherance of justice to additionally burden that calendar by restoring this case to its docket.
Defendant’s motion is denied, and this matter remains in ACD status.