*836 OPINION OF THE COURT
David Friedman, J.
Defendant was arraigned in criminal court on December 13, 1996, inter alia, on a misdemeanor charge of aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]). At that time, the People moved for an adjournment pursuant to CPL 170.20 (2) staying the criminal court proceedings in order to present the case to the Grand Jury. As mandated by the statute the application was granted and the matter was adjourned to December 18, 1996.
On that date the People sought a further adjournment to January 15, 1996 because there had not yet been any action by the Grand Jury. The court granted that request. On January 15, 1996, however, because there continued to be no indictment, the court vacated the stay and ordered the criminal court proceedings to continue. Subsequently, without any further notice to defendant or permission of the court, the case was presented to the Grand Jury on January 30, 1997, with an indictment resulting.
Defendant now moves for an order dismissing the indictment on the ground that the People violated their obligations pursuant to CPL 170.20 (2) (b) and 190.50 (5) (a). In support of the motion defendant asserts that, since the court had vacated the CPL 170.20 (2) stay and required the criminal court proceedings to continue, the People were jurisdictionally precluded from submitting the matter to the Grand Jury. He argues further that once CPL 170.20 (2) permission was vacated the People’s previously served CPL 190.50 notice of the Grand Jury proceedings became ineffective. Accordingly, he claims that his right to notice of the Grand Jury proceedings was violated.
Resolution of defendant’s motion must commence with examination of CPL 170.20 which provides in pertinent part as follows:
"1. If at any time before entry of a plea of guilty to or commencement of a trial of a local criminal court accusatory instrument containing a charge of misdemeanor, an indictment charging the defendant with such misdemeanor is filed in a superior court, the local criminal court is thereby divested of jurisdiction of such misdemeanor * * *
"2. At any time before entry of a plea of guilty to or commencement of a trial of an accusatory instrument * * * the *837 district attorney may apply for an adjournment of the proceedings in the local criminal court upon the ground that he intends to present the misdemeanor charge * * * to a grand jury * * * In such case, the local criminal court must adjourn the proceedings to a date which affords the district attorney reasonable opportunity to pursue such action * * *
"(a) If such charge is presented to a grand jury within the designated period and either an indictment or a dismissal * * * results, the local criminal court is thereby divested of jurisdiction of such charge * * *
"(b) If the misdemeanor charge is not presented to a grand jury within the designated period, the proceedings in the local criminal court must continue.”
Initially it should be observed that subdivision (2) of this statute establishes nothing more than a procedure whereby the People can stay the criminal court proceedings while they present the case to the Grand Jury. Thus, when a CPL 170.20 (2) adjournment is granted, the statute cuts off the defendant’s right to plead guilty to the charge in criminal court and prevents an indictment (People v Barkin, 49 NY2d 901).
Contrary to defendant’s contention, however, the statute does not establish a jurisdictional limitation on the People’s right to seek an indictment without permission of the court (People v Ortiz, 150 Misc 2d 602). In this regard, while it is true that CPL 170.20 (2) provides the People with the protective mechanism of an automatic stay, it does not require them to seek that protection as a condition precedent to presenting the case to a Grand Jury. Rather it speaks in permissive language in providing that "the district attorney may apply for an adjournment”. Although one nisi prius court has concluded that a grant of permission is mandated (see, People v Callaway, 124 Misc 2d 168), this view must be deemed foreclosed by the subsequent decision of People v Brancoccio (189 AD2d 525, 530, affd 83 NY2d 638, 642).
In Brancoccio (supra), the issue before the Court was whether the mere voting of an indictment divested the criminal court of jurisdiction over a case pending before it. CPL 170.20 (1) provides that jurisdiction is divested when an indictment is filed, whereas subdivision (2) provides that the determining moment for loss of jurisdiction is when an indictment "results”.
In discussing this issue the Appellate Division pointed out that:
" 'Subdivision (1) contemplates the situation where the prosecutor proceeds in the Grand Jury, without giving notice *838 to the court, and more importantly, without giving notice to the defendant. In that situation jurisdiction is not lost until there is public disclosure of the Grand Jury’s proceeding. Thus, in subdivision (1) jurisdiction is lost at the point in time when * * * the indictment is "filed”.
" 'Subdivision (2) contemplates the situation where the court and the defendant are fully aware that the prosecutor is proceeding in the Grand Jury. In that situation, the prosecutor has * * * made an application * * * in the defendant’s presence of his or her intent to go before the Grand Jury * * * Since in the subdivision (2) situation the defendant and the court are both aware of the prosecutor’s intention to proceed into the Grand Jury, there is no need to withhold loss of jurisdiction until public declaration of the Grand Jury’s action is made known, that is to withhold loss of jurisdiction until the indictment is filed’ [citation omitted]” (People v Brancoccio, 189 AD2d 525, 530, supra [emphasis added]).
Two corollaries necessarily flow from the above observations. First, since subdivision (1) contemplates a situation where the People proceed without giving notice, a fortiori an application pursuant to subdivision (2) need only be made where the People seek the benefit of the automatic stay provided therein. If the People choose not to stay the proceedings they simply run the risk that defendant will plead guilty to the charge in criminal court and prevent an indictment.
The second corollary is that, since notice of the prosecutor’s intention to seek an indictment is not required, there can be no violation of defendant’s rights under CPL 190.50 (5) (a). This interpretation of CPL 170.20 is consistent with CPL 190.50 (5) (a) which by its very terms only requires the People to serve notice on a defendant who has been "arraigned in a local criminal court upon a currently undisposed of felony complaint”. Since defendant had only been arraigned on a misdemeanor he was not entitled to notice (People v Ortiz, supra; see also, Preiser, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 170.20, at 37).
In any event, even assuming that such notice was required, the People did in fact serve defendant with CPL 190.50 notice. It is true that the People’s delay in presenting the matter to the Grand Jury resulted in their losing the protection of CPL 170.20 (2). However, the delay did not translate into a representation that the matter would not be presented. Significantly, it is uncontroverted that defendant never served written notice of his desire to testify before the Grand Jury as required by *839 CPL 190.50 (5) (a). Accordingly, his right to testify before the Grand Jury was not violated.
The motion is denied.