*338 OPINION OF THE COURT
John M. Leventhal, J.
As part of the omnibus motion, defendant moves to dismiss the indictment on the grounds that the People violated CPL 170.55 (2) and 170.20 (2) in that the People failed to obtain permission from the Criminal Court to either place the case on the calendar or for permission to present the case to the Grand Jury. Although the motion is to dismiss the entire indictment, the arguments for dismissal are only applicable to counts 2 through 112, inclusive. No arguments are submitted as to why counts 1 and 113 through 115 should be dismissed. To the extent that the motion covers counts 1 and 113 through 115, the motion is denied. The court notes that count 115 states that the criminal trespass occurred on November 6, 2000. That date has not yet arrived. There is obviously a typographical error as to the year. The prosecution is directed to file a written motion to amend the indictment to reflect the appropriate date.
Factual Background
Between July 30, 1999 and November 4, 1999, it is alleged that defendant made numerous (according to the indictment at least 111) telephone calls to the complainant. On November 7, 1999, a misdemeanor complaint was filed, under docket number 99K081972 in Kings County Criminal Court, charging defendant with one count of aggravated harassment. Defendant was arraigned and pleaded “not guilty.” An order of protection was issued directing that defendant not have any contact with the complainant.
On December 24, 1999, defendant allegedly violated the order of protection. On December 29, 1999, a felony complaint under docket number 99K094700 was filed in Kings County Criminal Court. The next day defendant was arraigned and pleaded “not guilty.”
On February 1, 2000, defendant offered to plead guilty to violating the order of protection. The People moved to reduce the felony complaint to misdemeanor charges. The People’s motion was granted. Defendant then pleaded guilty. The court promised the defendant that he would receive three years’ probation, counseling and an order of protection would be issued directing defendant not to have any contact with the complainant. After the promise was placed on the record, the People requested that complainant’s mother be added to the order of protection. That motion was denied. Thereafter, the following colloquy was placed on the record:
*339 “the court: Your other case, the offer on the other case, that will be adjourned in contemplation of dismissal?
“mr. purdo [ADA]: Correct.
“the court: Your other docket is adjourned in contemplation of dismissal.
“Do you understand all those promises.”[1]
Thereafter, the court set forth certain conditions, that if the defendant violated them, the court would not be bound by its promise. The court then issued an order of protection directing that defendant not have any contact with the complainant. The guilty plea was then accepted and a sentencing date was set.
Both sides agree that the “other case” referred to in the allocution is docket number 99K081972. The People and the defendant disagree as to whether the above words reflect an actual adjournment of docket number 99K081972 in contemplation of dismissal, or merely a promise to adjourn docket number 99K081972 in contemplation of dismissal at the time of sentence.
On February 7, 2000 (six days after the plea allocution), defendant allegedly violated the order of protection and contacted or attempted to contact the complainant.
On March 15, 2000, a felony complaint was filed under docket number 2000Kn024008 in Kings County Criminal Court. That felony complaint alleged that on February 7, 2000 defendant violated the order of protection dated February 1, 2000. Defendant was arraigned and pleaded “not guilty.”
On April 3, 2000, all three dockets appeared on the calendar in Kings County Criminal Court.[2] The notation on the court’s file under docket number 99K081972 states as follows:
“DA says ACD granted on 2/1/00.
“No indication on file.
“D/c[3] will have to get minutes to prove ACD granted.”
The cases were adjourned to April 27, 2000.
On April 27, 2000, defendant was sentenced on Kings County Criminal Court docket number 99K094700. The court was informed that the charges in docket number 99K081972 were *340 submitted to a Grand Jury and that the Grand Jury voted to indict the defendant. The court was also informed that the Grand Jury had voted to indict defendant for the charges under docket number 2000Kn024008. The presiding Judge then ruled that the Grand Jury vote divested the Criminal Court of jurisdiction over the crimes contained in those docket numbers.
Prior to submitting the case to the Grand Jury, the prosecution failed to ask for an adjournment of the Criminal Court cases in order to obtain an indictment nor did the prosecution seek permission to restore docket number 99K081972 to the calendar.
On May 5, 2000, the instant indictment was filed. The indictment, inter alia, charges one count of aggravated harassment for each telephone call. On May 23, 2000, defendant was arraigned on the indictment and pleaded “not guilty.”
Grand Jury Power to Indict
The Grand Jury derives its power to indict a person from article I, § 6 of the New York State Constitution and the acts of the Legislature (Matter of Wood v Hughes, 9 NY2d 144, 149; People v Stern, 3 NY2d 658, 661, 662-663). The powers of the Grand Jury to indict cannot be curtailed except by a clearly worded statute (People v Williams, 73 NY2d 84, 89; People v Stern, supra, 3 NY2d, at 661, 662-663; People ex rel. Hirschberg v Close, 1 NY2d 258, 261; Matter of Chang v Rotker, 155 AD2d 49, 55-56, 58). Where a Criminal Court dismisses a misdemeanor charge not on the merits, the Grand Jury court may indict a defendant on felony charges arising out of the same transaction (Matter of Chang v Rotker, 155 AD2d, at 58, supra; see also, People ex rel. Hirschberg v Close, 1 NY2d, at 261, supra). Dismissal of misdemeanor charges on grounds other than the merits does not bar reinstatement of those charges (People v Nuccio, 78 NY2d 102).
Thus, where a Criminal Court has dismissed charges on grounds other than the merits, a Grand Jury may indict such person for the same charges unless there is a clearly worded statute barring Grand Jury action.[4]
CPL 170.55
Prior to the enactment of the Criminal Procedure Law, courts exercised the inherent power to discharge a defendant on his *341 own recognizance (D.O.R.) (People v Meyerson, 165 Misc 2d 476, 478; Matter of Gabriel M., 128 Misc 2d 313, 315; People v Paar, 89 Misc 2d 11, 13; People v Hurt, 78 Misc 2d 43, 45; People v Pomerantz, 76 Misc 2d 766, 767). Under the terms of a D.O.R., a defendant was released on his own recognizance for an indefinite period of time (id.). The case was adjourned without a date. The D.O.R. was only granted with the consent of all parties. The People on their own could restore the case to the calendar at any time. Eventually, if nothing else occurred the case was dismissed.
With the enactment of the CPL, the Legislature modified the D.O.R. procedure. CPL 170.55 authorizes a Criminal Court, under certain circumstances, to adjourn misdemeanor or lesser charges in contemplation of dismissal (ACD or ACOD). The case is adjourned for a six-month period (CPL 170.55 [2]; Hollender v Trump Vil. Coop., 58 NY2d 420, 424-425). After six months, if the case is not restored to the calendar the case is deemed dismissed not on the merits, but in furtherance of justice (id.).
Prior to 1980, a court was mandated to restore a matter to the calendar upon request of the prosecution (People v Verardi, 158 Misc 2d 1039, 1041; People v Clark, 123 Misc 2d 674, 677; People v Clark, 120 Misc 2d 365, 367; see also, People v Dibono, 82 Misc 2d 177). In 1980, the Legislature amended CPL 170.55. The amendment required the People to make a motion to restore the ACDed case to the calendar (id.). The motion to restore the case to the calendar is addressed to the discretion of the Criminal Court (id.; see also, People v Meyerson, supra, 165 Misc 2d, at 480). From this history it is clear that the Legislature removed from the People the unfettered right to restore a case to the calendar and placed that responsibility upon the court.
CPL 170.55 (2) now reads:
“An adjournment in contemplation of dismissal is an adjournment of the action without date ordered with a view to ultimate dismissal of the accusatory instrument in furtherance of justice. Upon issuing such an order, the court must release the defendant on his own recognizance. Upon application of the people, made at any time not more than six months, or in the case of a family offense as defined in subdivision one of section 530.11 of this chapter, one year, after the issuance of such order, the court may restore the case to the calendar upon a deter *342 mination that dismissal of the accusatory instrument would not be in furtherance of justice, and the action must thereupon proceed. If the case is not so restored within such six months or one year period, the accusatory instrument is, at the expiration of such period, deemed to have been dismissed by the court in furtherance of justice.”
The issue that this court is facing is whether this statute requiring court permission before restoring a case to the calendar is a clearly worded statute restricting the powers of the Grand Jury to indict a defendant.
This court does not believe that CPL 170.55 (2) is a clearly drawn statute to prevent the Grand Jury from exercising its power to indict a defendant whose case had been ACDed. The statute does not mention the Grand Jury nor is there any history indicating that it was the Legislature’s intent to limit the Grand Jury. Important is the fact that even if the case had been dismissed or deemed dismissed, the Grand Jury had the power to indict defendant (see, Matter of Chang v Rotker, 155 AD2d, at 58, supra). If the Grand Jury can indict a defendant whose case was dismissed in the Criminal Court, it seems only logical that they can indict a defendant before the case is dismissed.
The motion as it relates to CPL 170.55 is denied.
So that the record is clear, the court finds as a matter of fact that the Kings County Criminal Court did not adjourn Bangs County Criminal Court docket number 99K081972 in contemplation of dismissal. Taking the entire colloquy in context, the court finds that there was an offer to ACD the case at sentencing if defendant complied with certain requirements. The statement regarding ACD was made both before and after the word “promise” was used by the Kings County Criminal Court. After the alleged statement, Criminal Court set forth certain conditions for defendant to receive the sentence promised.
Under these circumstances, the inference is clear that no ACD was granted on February 1, 2000.
CPL 170.20
The court is also faced with the issue of whether CPL 170.20 (2) is a clearly worded statute limiting the power of the Grand Jury to indict a defendant. CPL 170.20 (2) reads as follows:
“At any time before entry of a plea of guilty to or commencement of a trial of an accusatory instrument specified in subdivision one, the district at *343 torney may apply for an adjournment of the proceedings in the local criminal court upon the ground that he intends to present the misdemeanor charge in question to a grand jury with a view to prosecuting it by indictment in a superior court. In such case, the local criminal court must adjourn the proceedings to a date which affords the district attorney reasonable opportunity to pursue such action, and may subsequently grant such further adjournments for that purpose as are reasonable under the circumstances.” (Emphasis added.)
One nisi prius court has read the word “may” in the sentence as being mandatory, and thus, the failure of the People to apply for permission to present the case to the Grand Jury precluded any indictment (People v Callaway, 124 Misc 2d 168). Other nisi prius courts do not agree with Callaway and hold that the word “may” is permissive, and a Grand Jury may indict even if the prosecution has not requested an adjournment for the purpose of presenting the case to a Grand Jury (People v Bouyea, 172 Misc 2d 835; People v Ortiz, 150 Misc 2d 602).
This court agrees with reasoning of People v Bouyea (supra) and its statement that the implications from the case of People v Brancoccio (189 AD2d 525, affd 83 NY2d 638) undermine the rationale of People v Callaway (supra).
The motion to dismiss the indictment on the basis of GPL 170.20 (2) is denied.

. When quoting from the allocution, defense counsel fails to add this later phrase.

. The minutes of this proceeding have not been supplied to the court on this motion.

. Presumably this means defense counsel.

. This court reads Matter of Chang v Rotker (155 AD2d 49, supra) as applying to misdemeanor indictments as well as felony indictments.