■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINT DAVENPORT, Appellant. [740 NYS2d 240] —Appeal by the defendant from two judgments of the County Court, Suffolk County (Weber, J.), both rendered June 19, 1998, convicting him of sodomy in the first degree (two counts) and sexual abuse

in the first degree (three counts) under Indictment No. 1476/97, and sodomy in the third degree and endangering the welfare of a child under Indictment No. 738/98, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the indictments were defective because the People did not seek an adjournment of the pending criminal court proceeding before presenting the case to the first grand jury. We disagree. CPL 170.20 (2) provides, inter alia, that "[a]t any time before the entry of a plea of guilty to or commencement of a trial of an accusatory instrument * * * the district attorney may apply for an adjournment of the proceedings in the local criminal court upon the ground that he intends to present the misdemeanor charge * * * to a grand jury. * * * In such case, the local criminal court must adjourn the proceedings to a date which affords the district attorney reasonable opportunity to pursue such action." Although CPL 170.20 establishes a procedure which allows the People to obtain a stay of criminal court proceedings while a case is presented to the grand jury, it does not require that they seek such a stay as a condition precedent to presenting the case (see People v Bouyea, 172 Misc 2d 835; see also People v Miterko, 186 Misc 2d 337). Accordingly, there is no basis for dismissal of the indictments.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant committed the crimes of sodomy in the first degree and sexual abuse in the first degree by means of forcible compulsion (see Penal Law § 130.50 [1]; § 130.65 [1]; People v Thompson, 72 NY2d 410; People v Jackson, 290 AD2d 644). The evidence was also legally sufficient to support the defendant's conviction of one additional count of sodomy in the first degree, and two additional counts of sexual abuse in the first degree, which were predicated upon the physical helplessness of the complainant (see Penal Law § 130.00 [7]; § 130.50 [2]; § 130.65 [2]; People v Teicher, 52 NY2d 638; People v Yankowitz, 169 AD2d 748; People v Irving, 151 AD2d 605). Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Feuerstein, J.P., Krausman, Goldstein and Adams, JJ., concur.