(February 13, 2003)

■ The People of the State of New York, Respondent, v Jeremy M. Smith, Appellant. [756 NYS2d 290] —Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 22, 1998, upon a verdict convicting defendant of the crime of sodomy in the first degree.

On June 17, 1997, defendant, a 22-year-old male, was indicted and charged with one count of sodomy in the first degree. The charge stemmed from allegations made by a then 19-year-old female coworker that defendant anally sodomized

her in a stairwell at their place of employment. At trial, the victim testified that in April 1997, she and her coworkers, including defendant, ate lunch in the cafeteria located in the building in which she worked. The victim testified that, after leaving the cafeteria to return to work, defendant began pulling the victim by her arm, indicating that he wanted to have sexual relations with her. She also testified that she repeatedly told defendant that she did not want to have sex with him and needed to return to work. Defendant increased his efforts, grabbing the victim about the waist, and suggesting that he and the victim have sex in the men's bathroom. Defendant was also sucking on the victim's neck, kissing her and touching her breasts. Again, the victim refused, at which point defendant, holding the victim about the waist, led her into a stairwell, turned her around and pulled her pants halfway down. The victim testified that she pulled her pants back up, but defendant then pulled them all the way down; he had his pants halfway down, at which point he exposed his penis.

In order to pull her pants back up, the victim put down a bag of potato chips she had been holding. As she was doing this, defendant pulled her pants down further and shoved his penis into her anus. After a time, defendant removed his penis and ejaculated onto the back of the victim's shirt. The victim testified that she did not struggle or cry out because of defendant's superior size and strength and she was afraid that he would hurt her if she cried out. After cleaning her shirt in the restroom, the victim returned to her work station where she was chastised by her supervisor for being tardy. After the victim told her supervisor what had occurred, the incident was reported to the police and the medical examination disclosed that the victim had a three-centimeter tear in her anus that was consistent with blunt force trauma, such as an erect penis. At the conclusion of trial, defendant was found guilty as charged and sentenced to an indeterminate sentence of 11 to 22 years in prison.

Defendant now appeals, first contending that the jury's finding of forcible compulsion (see Penal Law § 130.00 [8]; § 130.50 [1]) was against the weight of the evidence. Defendant does not deny the act of sodomy, but claims that it was consensual. Here, we note that in support of his argument, defendant contends that the People failed to establish the element of forcible compulsion beyond a reasonable doubt and appears to have confused the standard for legal sufficiency with the weight of the evidence. Thus, we will consider both the weight and sufficiency of the evidence.

Viewing the evidence in its entirety and in the light most favorable to the People, we are satisfied that the element of forcible compulsion was established (*see People v Bleakley*, 69 NY2d 490, 495; *People v Krzykowski*, 293 AD2d 877, 879; *People v Davenport*, 293 AD2d 625, 626, *lv denied* 98 NY2d 709). "Forcible compulsion" is defined, to the extent relevant here, as "to compel by either [the] * * * use of physical force; or [by] * * * a threat, express or implied, which places a person in fear of immediate death or physical injury" (Penal Law § 130.00 [8]). With respect to the use of physical force, although the victim admitted that she refrained from struggling or crying out during the incident, she testified that it was because she was afraid of defendant as he was much larger than she. The fact that she permitted defendant to kiss and fondle her without protest prior to the incident is not, as defendant suggests, dispositive of whether the victim was not forcibly compelled to engage in sodomy. Significantly, the evidence adduced at trial revealed that in April 1997, defendant stood 6 feet 2 inches tall and weighed approximately 270 pounds (*see People v Gilmore*, 252 AD2d 742, 743, *lv denied* 92 NY2d 925). The victim weighed approximately 140 pounds. Based on this evidence and the victim's testimony, coupled with the results of the victim's medical examination, we are satisfied that the element of forcible compulsion was established.

Nor do we find merit to defendant's contention that the verdict was against the weight of the evidence. "Reviewing the evidence in a neutral light and weighing the testimony and inferences to be derived therefrom" (*People v Johnson [Raggs] [Moore]*, 268 AD2d 891, 893, *lvs denied* 94 NY2d 921, 923, 924 [citation omitted]), we are satisfied that the guilty verdict is not against the weight of the evidence. Defendant takes issue with the fact that the victim did not protest or struggle and made no immediate complaint or claim that defendant sodomized her, but rather came forward with the allegation only when she was being chastised by her supervisor when she was late returning from lunch. Moreover, defendant did not deny that he had sexual relations with the victim, but claims it was consensual. The presentation of such evidence merely created credibility issues for the jury to consider. Given the victim's account of the incident, the corroborating evidence of injury to her anus, and according due deference to the jury's determination with respect to these credibility issues, we are satisfied that the verdict was not against the weight of the evidence (*see People v Bleakley, supra* at 495).

Defendant also argues that he was deprived of the effective

assistance of counsel since his attorney failed to explore "any and all available defenses." Based on the record, we do not agree with defendant that his attorney failed to effectively cross-examine the victim and a coworker, who lunched with the victim and was present when defendant started to tug at the victim prior to the incident. Nor do we agree that his attorney's failure to call witnesses on defendant's behalf at trial or at the suppression hearing or his failure to effectively exploit defendant's mental illness as a defense constituted ineffectiveness (*see e.g. People v Denny*, 95 NY2d 921, 923; *People v Rivera*, 71 NY2d 705, 708), particularly as the record demonstrates that defense counsel made several pretrial motions, cross-examined all of the People's witnesses, made objections, and gave a cogent closing argument. " 'Losing trial tactics or strategy * * * do not rise to the level of ineffectiveness' " (*People v Jenkins*, 300 AD2d 751, 753, quoting *People v Curry*, 294 AD2d 608, 611, *lv denied* 98 NY2d 674). In fact, from the record, it appears that although defense counsel considered the possibility of a defense based upon insanity or mental disability, he decided not to raise it for strategic reasons.

Finally, we do not agree that the sentence imposed was harsh or excessive. Here, County Court's discussion of defendant's "diminished capacity," prior to issuing the sentence, belies defendant's assertion that it did not properly consider his psychological problems and difficult childhood (*see People v Ward*, 282 AD2d 819, 823, *lv denied* 96 NY2d 942). Given defendant's prior guilty plea to one misdemeanor count of petit larceny (*see* Penal Law § 155.25), and one violation for marihuana possession (*see* Penal Law § 221.05), we cannot say that County Court abused its discretion in this regard (*see People v Sczepankowski*, 293 AD2d 212, 215-216; *People v Simon*, 180 AD2d 866, 867, *lv denied* 80 NY2d 838). Moreover, we discern no extraordinary circumstances such as would warrant a reduction of the sentence imposed in the interest of justice (*see People v Rivera*, 281 AD2d 702, 703, *lv denied* 96 NY2d 805).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.